Dept 2: The Honorable  Judge David E. Gregerson

**FILED**

MAR 1 2 2021
2:58 PM
Scott G. Weber, Clerk, Clark Co

### SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF CLARK

Joanna Lang, individually and as personal representative of the Estate Dick Lang, wife and husband and the marital community; and Joanna Lang, as guardian and parent of the minor children R.L. and C.L.,

Plaintiffs,

v.

Cheryl Strange, individually and as Secretary of the Washington State Department of Social and Health Services (DSHS),

David Stillman, individually and as Assistant Secretary of the Economic Services Administration (ESA) at DSHS,

Dana Phelps, individually and as Assistant Secretary of the Services and Enterprise Support Administration (SESA) at DSHS,

Terry Redmon, individually and as Interim Director of Vocational Rehabilitation at DSHS,

Jane and John Does 1 through 10, individually and as employees at DSHS,

Clark County, Washington

City of Vancouver, Washington, a

Case No.: 21-2-00330-06

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMPLAINT - 1

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

PMC

Municipality

Cowlitz County, Washington

City of Kelso, Washington, a Municipality,

Dan Hsieh, individually and as Assistant
Attorney General of Washington State,

Eimiko Murlin and Jeff Ian Murlin,
individually and as a marital community, as
foster parents of C.L.,

and

Steve Vallembois and Jimmy Howard,
individually, as foster parents of R.L.,

Defendants.

## I.    INTRODUCTION

COME NOW the above-named Plaintiffs, by and through their attorney of record,

KEVIN L. JOHNSON, P.S., Attorney & Counselor at Law, and for causes of action against the

above-named Defendants, and state as follows:

1.    This is a civil action commenced to vindicate the rights of Plaintiffs Joanna Lang and

her late husband Dick Lang, as a community and as parents of the minor children R.L and C.L.

2.    Plaintiffs sued Defendants here because, due to actions by employees of the Washington

Department of Social and Health Services (DSHS) and the Washington Attorney General's

Office who ignored their legal obligations, Plaintiffs lost the comfort, love, care, and

companionship of their children for 425 days and their children, who have special needs, were

neglected, and abused in foster care.

3.    Defendants acted under color of law with the authority of a state agency, in accordance

with their policies, customs, and practices of that agency. Instead of honoring families

COMPLAINT

Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

relationships as required, Defendants: deprived Plaintiffs of their right to due process under the United States Constitution and the Washington Constitution; negligently removed the children from a non-abusive home and placed them in abusive homes; committed fraud; defamed Plaintiff Joanna Lang; wrongfully caused the death of Dick Lang; unlawfully discriminated against the Plaintiffs based on race; and engaged in illegal racketeering. All these actions resulted in irreparable injury to Plaintiffs.

## II.   JURISDICTION AND VENUE

4.      Plaintiffs filed the required claim forms with the Office of Risk Management and waited sixty days before commencing this suit as required under RCW 4.92.100 and 4.92.110. Exhibits A, B,C & D.

5.      The Office of Risk Management and the Attorney General are required to collaborate in the investigation, denial, or settlement of such claims. RCW 4.92.210. To date, the State of Washington has not communicated with the Plaintiffs to resolve Plaintiffs' claims. Having no prospects of resolution from the State of Washington, Plaintiffs filed this lawsuit.

6.      Plaintiffs allege violations of their state and federal constitutional due process rights, 42.U.S.C. § 1983; negligent investigation causing exposure to neglect and maltreatment, RCW 26.44.050; fraud; defamation; wrongful death, RCW 4.20.010; discrimination, 42 U.S.C. § 2000d et seq., RCW 49.60.030; civil violation of the Racketeer Influenced and Corrupt Organization (RICO) Law, 18 U.S.C.§§ 1961-1968. Plaintiffs seek damages and injunctive relief.

7.      All acts by the Defendants arose in Clark and Cowlitz Counties in Washington within the jurisdiction of this Superior Court. Upon information and belief, all Defendants are located,

COMPLAINT - 3

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

reside, or do business in Washington, and all the events or omissions giving rise to Plaintiffs' claims occurred in Washington.

### III.    PARTIES

8.    At all relevant times, Plaintiff Joanna Lang, who is the personal representative of the estate of her late husband Dick Lang and the mother of the minor children C.L. and R.L., resided in Vancouver, Clark County, Washington.

9.    Defendant Clark County is a local government entity in the State of Washington.

10.    Defendant Cowlitz County is a local government entity in the State of Washington.

11.    Defendant City of Vancouver is a municipality in the State of Washington.

12.    Defendant City of Kelso is a municipality in the State of Washington.

13.    Upon information and belief, at all relevant times, Defendant Cheryl Strange ("Strange") was Secretary of DSHS, located in Olympia, Washington, acting under color of law in accordance with DSHS practices and customs, and exercised ultimate supervisory power over all DSHS employees. Strange had final responsibility for all policies, practices, and decisions of DSHS.

14.    Upon information and belief, at all relevant times, Defendant David Stillman ("Stillman") was DSHS Assistant Secretary of the Economic Services Administration (ESA) at DSHS. At all relevant times, Stillman was acting under color of law in accordance with the policies of DSHS, was working under the direction of Defendant Strange, and was exercising power granted to him by virtue of his work for DSHS and Strange.

15.    Upon information and belief, at all relevant times, Defendant Dana Phelps ("Phelps") was DSHS Assistant Secretary of Services and Enterprise Support (SESA). At all relevant times, Phelps was acting under color of law in accordance with the policies of DSHS, was

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

working under the direction of Defendant Strange, and was exercising power granted to her by virtue of her work for DSHS and Strange.

16.     Upon information and belief, at all relevant times, Defendant Terry Redman ("Redman") was DSHS Interim Director of Vocational Rehabilitation Services. At all relevant times, Redman was acting under color of law in accordance with the policies of DSHS, was working under the direction of Defendant Strange, and was exercising power granted to him by virtue of his work for DSHS and Strange.

17.     Upon information and belief, at all relevant times, Defendants Jane and John Does 1 through 10, were DSHS employees or agents, acting under color of law in accordance with the policies of DSHS, were working under direction of Defendant Strange, and were exercising power granted to them by virtue of their work for DSHS and Strange.

18.     Plaintiffs are informed and believe, and based upon such information and belief, allege that, at all times mentioned herein, the above-mentioned individual defendants (collectively, "DSHS Workers") and each of them, were acting within the scope of their employment and under color of law. Defendants DSHS Workers, in their collective capacity and as individuals, acted with authority granted to them by Defendant Strange and DSHS.

19.     Upon information and belief, at all relevant times, Defendant Dan Hsieh ("Hsieh") was an Assistant Attorney General for the Washington State Attorney General's Office (AG). At all relevant times Hsieh was acting under color of law in accordance with the policies of the AG, was working under the direction of the AG, and was exercising power granted to him by virtue of his work for the AG.

COMPLAINT - 5

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

20.    Upon information and belief, at all relevant times, Defendants Steve Vallembois ("Vallembois") and Jimmy Howard ("Howard"), former foster care parents of R.L., resided in Vancouver.

21.    Upon information and belief, at all relevant times, Eimiko Murlin and Jeff Ian Murlin (the "Murlins"), former foster care parents for C.L., resided in Kelso, Washington.

22.    Plaintiffs are informed and believe, and thereupon allege, that each of the individual Defendants knowingly and willingly, acting under color of law, individually and collectively, did injure Plaintiffs, and deprive Plaintiffs of their rights, liberties, and interests in the comfort, care, and association of/with their children C.L. and R.L., as such rights are afforded them under the Washington State Constitution, Washington statutory law, and the United States Constitution, and conspired generally to damage Plaintiffs and inflict great injury upon them.

## IV.    STATEMENT OF THE CASE

23.    The Washington Legislature has declared that the family unit is a fundamental resource of American life which should be nurtured. RCW 13.34.020. Under this guiding principle, "the family unit should remain intact unless a child's right to conditions of basic nurture, health, or safety is jeopardized." *Id*. Furthermore, "the bond between a child and his or her parent . . . is of paramount importance, and any intervention into the life of a child is also an intervention into the life of the parent." RCW 26.44.010.

24.    For over 30 years, Dick and Joanna Lang opened their hearts and home to adopt minority special needs children because that was their calling. The Langs felt that too many minority special needs children go unclaimed. In 2013, Dick and Joanna adopted R.L. and C.L. into their home, a loving and nurturing environment that was in the best interests of the children.

COMPLAINT - 6

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

25.     The Defendants destroyed the Langs' stable and nurturing home environment on the night of February 3, 2017, under color of law and without justification, when they seized the Langs' children, placed the children in separate foster homes where they were abused and neglected, and kept them away from the Langs for 425 days.

## V.     FACTUAL ALLEGATIONS

26.     Dick and Joanna Lang adopted C.L. and R.L. in 2011 and 2013 respectfully. The Langs are white and Jewish. C.L. and R.L. are minority children with special needs. C.L., who was born in 2011, suffers from Fragile X syndrome. R.L., who was born in 2003, suffers from intellectual disability. Exhibit E.

27.     On January 4, 2017, and February 1, 2017, DSHS Child Protective Services (DSHS-CPS) received telephone referrals alleging that the Langs mistreated R.L. The telephone referrals were from Holly Lang, a mentally ill family member.  Exhibit 1, Intake # 3534736, Exhibit 2.

28.     DSHS Workers and the Vancouver Police Department knew about Holly Lang's incompetence and mental health issues since July 2012. Exhibit *3*.  Holly Lang's incompetence became official in October of 2017. Exhibit  1. But the information concerning Holly Lang's incompetence was never mentioned by the DSHS supervisor in charge of the investigation into the Langs, who authored and published the final decision of DSHS-CPS. Exhibit 2.

29.     Vancouver City Police Officer Kim Holland interviewed Holly Lang by telephone on March 16, 2017, but Holly stated that "she did not want to cooperate" with the investigation. A DSHS Worker followed up with her, but later informed Officer Holland that Holly "was not comfortable with cooperating" with law enforcement. Exhibit 3.

COMPLAINT - 7

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

30.     The DSHS Worker provided Officer Holland with contact information for other Lang family members, Random Lang, and Wendy Lang, whom she indicated may have had recent contact with R.L. Officer Holland was unable to reach them. Officer Holland attempted to contact Wendy Lang on several occasions but was unable to determine her location. Id.

31.     Wendy Lang, who also resides in Montana, was not in Washington between January 4, 2017 and February 1, 2017, making her, like Holly Lang, an incompetent referent regarding conditions in the Lang home at those times. Based on these records, the DSHS Workers and Vancouver Police Department knew that the witnesses were not eyewitnesses to the conditions in the Lang home or the treatment of R.L. and C.L. Id.

32.     Officer Holland reported that there appeared to have been an initial concern by several family members regarding R.L., but that Officer Holland was unable to elicit any cooperation from them. Id.

33.     Plaintiff Joanna Lang took R.L. to see his regular pediatrician, Dr. Charles Fuchs, on February 2, 2017. Dr. Fuchs did not report any issues with R.L. The DSHS Workers knew of this visit. *See* Joanna Lang Affidavit ¶¶ 11-13. Exhibit 5. In fact, Dr, Fuchs discussed R.L's weight issues. Exhibit 6. Dr. Fuchs possesses sufficient medical expertise to recognize a child who is suffering from negligent treatment or maltreatment.

34.     DSHS Workers also took C.L. and R.L. to Legacy Salmon Creek Medical Center in  for a "child abuse specific" examination by Dr. Voung on February 3, 2017, although neither child had any signs of abuse or any other medical concerns. Dr. Voung determined that both C.L. and R.L. were safe to return home.  Exhibits 7 & 8.

35.     The medical reports show that DSHS Workers relayed to Dr. Voung that Joanna Lang had "mental problems and possible neglect in caring for R.L. and C.L." Id. According to Dr.

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

Voung and Dr. Fuchs, reports these statements made by DSHS regarding Joanna Lang were false. Id.

36.     Despite the lack of evidence of abuse, DSHS Workers, acting in their official capacities, seized R.L. and C.L. and removed them from their home on February 3, 2017.

37.     On February 3, 2017, Assistant Attorney General Hsieh filed a dependency petition along with made an ex-parte motion and order to remove R.L. from his parents, supported by declarations from DSHS Workers and the Vancouver Police Department. Exhibit 9 & 10. Later, C.L. was added to the motion. Exhibit 11.

38.     At the time of the motion, DSHS Workers and Hsieh knew about the exculpatory evidence from Dr. Fuchs and Dr. Voung opining that there were no concerns nor any reasonable cause to believe that R.L. or C.L. was in imminent danger for suffered negligent treatment or maltreatment. But Mr. Hsieh failed to present this evidence in every court proceeding after February 3, 2017.

39.     On February 3, 2017, the same day that C.L. and R.L. were snatched from their home, DSHS Workers reported Joanna Lang to Adult Protective Services (APS) for alleged abuse of her husband Dick Lang. But APS closed the file after deciding that there was no abuse and Mr. Lang did not meet legal criteria of a vulnerable adult. Exhibit 12. Later, on June 11, 2018, the Prosecutor's Office found that there was insufficient evidence to pursue successful prosecution against Joanna Lang for abuse of Dick Lang. Exhibit 13.

40.     Dr. Kimberly Copeland, who was involved with DSHS-CPS and the Vancouver Police Department pursuant to a Clark County contract to provide medical services to DSHS, evaluated R.L. in March 2017. Exhibit 14. Dr. Copeland's report indicated that R.L. gained 24 pounds in one month after he was removed from the Langs' home. *Id*. The report also stated

COMPLAINT - 9

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

that R.L. disclosed being isolated in his bedroom daily, having to obtain permission and being escorted to the restroom, having accidents due to the bathroom requests not being attended to, daily hunger, and reduction in food portions. Dr. Copeland's report conflicted with Dr. Fuch's report regarding R.L. she did not evaluate C.L. The Vancouver Police has this report in its possession.

41.    Dr. Copeland's report concluded that Joanna and Dick Lang failed to act in R.L.'s best interests, failed to provide for R.L.'s needs, and showed a serious disregard for consequences to R.L. of such magnitude that it created clear and present danger to R.L.'s health, welfare, and safety. Dr. Copeland concluded that R.L. had been exposed to negligent treatment and maltreatment. *Id*.

42.    But Dr. Copeland's report was in direct contradiction the reports of Dr. Fuchs and Dr. Voung, the two independent physicians who treated and examined R.L. and C.L. earlier.

43.    In a DSHS-CPS decision on April 3, 2017, DSHS-CPS supervisor Jennifer White concluded that Joanna Lang had negligently treated, and maltreated R.L. Ms. White's decision never mentioned C.L. Nor did it mention the opinions from Dr. Fuchs and Dr. Young that there was no maltreatment and that the children were safe to go home. Exhibit 2.

44.    DSHS Workers entered this erroneous decision about the Langs into the DSHS Case and Management Information System (CAMIS), which made Plaintiffs ineligible to adopt or provide foster care to children.

45.    C.L. and R.L. were placed in separate foster homes with foster parents at whose hands they experienced trauma and abuse.

46.    DSHS placed R.L. with Defendant foster parents Vallembois and Howard February 3, 2017. On February 5, 2017, Howard stripped searched R.L. looking for injuries or bruises even

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

though Howard knew that R.L. had undergone a child abuse specific exam two days prior on February 3, 2017.

47.    One evening at a restaurant, while R.L. was living in the foster home, Vallembois shouted at R.L., "If you were my kid, I would slap the shit out of you!"

48.    On another occasion DSHS Foster Parents, Vallembois, and Howard led R.L. to believe that he was going to a camp for foster kids. Vallembois and Howard took R.L. to Dr. Eisenfeld who gave R.L. a shot before camp. Later, R.L. found out that the camp was for children or family members with AIDS or HIV. Neither R.L. nor the Lang family have AIDS or HIV. Exhibit 15.

49.    Meanwhile, C.L. was placed with Defendant foster parents the Murlins. The Murlins left C.L. and other foster children unsupervised when an 8-year-old foster child started a fire that burned the Murlins' home. Because of the fire damage, C.L. had to reside with the Murlins and other foster children (at least six other people in total) in motor homes and R.V.s where the living space requirements fell well below the standard required by WAC 110-148-1470, even allowing for emergency accommodation conditions. Exhibit 16. DSHS Workers knew that C.L. was warehoused in an R.V. in overcrowded conditions and did not act on the situation.

50.    Plaintiff Joanna Lang became afraid that the Murlins were going to kill C.L. She hired a private investigator (Laura Anderson) to investigate the Murlins. The private investigator's report was given to DSHS Workers who shared it with Cowlitz. Exhibit 16-A. DSHS Workers who shared the report with Cowlitz failed to act to protect C.L. The investigator's report indicated that the Murlins were observed traveling over 80 to 90 miles per hour with C.L. in the automobile. Exhibit 16.

COMPLAINT - 11

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

51.     Photographs of C.L. taken during his residence with the Murlins reveal C.L.'s bones protruding from his chest, ribs, and back, along with numerous other injuries. Exhibit 16, pgs., 3,4,5.

52.     Additionally, during the time that he was removed from his parents, C.L. should have received a wheelchair, but C.L. never received it. Instead, DSHS-CPS gave C.L.'s wheelchair to a Caucasian child. C.L. also never received a guide dog recommended by Dr. Fuchs. Exhibit 18.

53.     On July 20, 2018 Dr, Fuchs prescribed a Guide Dog to help with recent emotional trauma.  Again DSHS failed to prescribe the Guide Dog. Exhibit 18-A.

54.     On May 21, 2018, the Honorable Scott A. Collier denied the State's Dependency Petition and R.L. and C.L. Exhibit 19.

55.     R.L and C.L. were reunited with their parents on April 4, 2018, 425 days after DSHS removed.

56.     Sadly, on June 30, 2019, Mr. Lang succumbed to the stress of the ordeal and passed away. Exhibit 20.

## VI.     VIOLATION OF STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS, TITLE 42 U.S.C. § 1983

57.     Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

58.     At all relevant times, Defendants Strange and the DSHS Workers were employed by DSHS, acted within the scope of their employment, acted consistently with the policy of DSHS, and thus were acting under color of law. The actions of the Defendants, individually and in concert, supported, aided, encouraged, reinforced, and protected the actions of other Defendants. Additionally, at all relevant times Defendant Hsieh was employed by the AG, acted within the scope of his employment, and thus was acting under color of law.

COMPLAINT - 12

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

59.     At all relevant times, Defendants Strange, the DSHS Workers, and Hsieh, acting individually and in concert, acted to deny Plaintiffs their rights guaranteed under RCW 26.44.010, which was designed to preserve families. Violations of Plaintiffs' rights deprived them of due process of law and thus are also violations of the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the Washington Constitution.

60.     DSHS has a duty under RCW 26.44.050 to adequately investigate a child's living situation before making a placement decision. However, the DSHS investigation here was unreasonable, negligent, and procedurally improper. The Defendants removed the children from a non-abusive home and placed them in abusive homes.

61.     Contrary to their legal duty, the Defendants seized C.L. and R.L. from their home based on unverified referrals from an out of state referent who was known to be mentally ill, and in disregard of medical examinations by two doctors who found no evidence that the children were being abused. Additionally, DSHS Workers placed C.L. and R.L. with separate foster parents who maltreated and abused them. These failures violated Plaintiffs' right to procedural due process.

62.     In a manner that shocks the conscience, the Defendants also violated Plaintiffs' substantive due process right to be free of abusive and oppressive government actions. Defendants violated Plaintiffs' right to raise their children without the threat that the state will unjustifiably seize them, place them in abusive environments, and keep them from home for 425 days.

63.     As a direct result of these actions, Plaintiffs have suffered substantial damages. Joanna and Dick Lang lost the ability to raise, know, bond, and care for their children for 425 days, damaging their familial relationship and exposing the children to abuse and neglect in foster

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

homes. Additionally, because of the intense stress of this ordeal, Dick Lang passed away on June 30, 2019.

64.     The Defendants responsible for the conduct stated above engaged in said conduct intentionally, with malice and/or with reckless disregard for the rights of plaintiffs, such that an award of exemplary and punitive damages is appropriate.

## VII.    NEGLIGENT INVESTIGATION CAUSING TO EXPOSURE TO NEGLECT AND MALTREATMENT, RCW 26.44.050

65.     Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

66.     At all relevant times, Defendants Strange and the DSHS Workers were employed by DSHS, acted within the scope of their employment, acted consistently with the policy of DSHS, and thus were acting under color of law. The actions of the Defendants, individually and in concert, supported, aided, encouraged, reinforced, and protected the actions of other Defendants. Additionally, at all relevant times Defendant Hsieh was employed by the AG, acted within the scope of his employment, and thus was acting under color of law.

67.     The Defendants, acting individually and in concert, exposed C.L. and R.L. to neglect and maltreatment in violation of RCW 26.44.050. The Defendants failed to adequately investigate the children's living situation before removing them from their parents' care and failed to adequately investigate or follow up with the foster parents after they placed C.L. and R.L. in foster care. Defendants knew of C.L.'s condition or had access to records that would have shown them he had greatly deteriorated during his time with the Murlins. The harm that resulted to R.L. and C.L. was a direct result of these failures to adequately investigate.

COMPLAINT - 14

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

68.     Defendants foster parent Howard verbally abused R.L., Defendant foster parent Vallembois subjected R.L. to a sexually charged strip search, and Howard and Vallembois assaulted R.L. by subjecting him to a needle injection of an unknown medication.

69.     Further, the Murlin foster parents harmed C.L. in multiple ways. Their lack of supervision exposed C.L. to fire risk when another foster child set fire to the Murlin home, they forced him to live in illegally crowded conditions, drove him in an automobile at unsafe speeds, and photographs show that C.L. lost extreme amounts of weight while he was in the Murlins' care.

70.     These actions caused mental and emotional damages to Plaintiffs and their children, the likes of which are continuing.

## VIII.   FRAUD

71.     Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

72.     At all relevant times defendant Hsieh was employed by the AG, acted within the scope of his employment, and thus was acting under color of law. When Hsieh brought an ex parte motion to remove R.L. and C.L. from the family home, he was aware of but deliberately failed to present the court with exculpatory evidence from Dr. Fuchs and Dr. Voung.

73.     Plaintiffs allege that Hsieh deliberately omitted this evidence to induce the court to agree to remove the children from the Plaintiffs.

74.     As a result of Hsieh's actions, the children were removed from the Plaintiffs for 425 days and the Plaintiffs suffered damages, including the death of Dick Lang.

## IX.   DEFAMATION

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

75.   Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

76.   At all relevant times, Defendants Strange and the DSHS Workers were employed by DSHS, acted within the scope of their employment, acted consistently with the policy of DSHS, and thus were acting under color of law. The actions of the Defendants, individually and in concert, supported, aided, encouraged, reinforced, and protected the actions of other Defendants.

77.   A DSHS Worker falsely told Dr. Voung that Joanna Lang had "mental problems" and that there was "possible neglect in caring for R.L. and C.L." Given the lack of investigation by the Defendants up to that point, it was negligent and reckless to make these statements.

78.   Additionally, a DSHS Worker reported Joanna Lang to APS alleging abuse of Dick Lang, knowing this statement lacked any factual basis.

79.   These defamatory statements cast Joanna Lang in a false light, damaged her reputation among social and health workers involved with the Lang family, and caused Joanna Lang to be subjected to an unwarranted APS investigation.

80.   These defamatory statements caused additional damages to Plaintiffs, the likes of which are continuing.

## X.   WRONGFUL DEATH, RCW 4.20.010

81.   Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

82.   At all relevant times, Defendants Strange and the DSHS Workers were employed by DSHS, acted within the scope of their employment, acted consistently with the policy of DSHS, and thus were acting under color of law. The actions of the Defendants, individually and in

COMPLAINT - 16

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

concert, supported, aided, encouraged, reinforced, and protected the actions of other Defendants. Additionally, at all relevant times defendant Hsieh was employed by the AG, acted within the scope of his employment, and thus was acting under color of law.

83.    It is undisputed that the relationship between Dick Lang and his children was of paramount importance and any intervention into the life of the child is also an intervention into the life of the parent.

84.    On June 30, 2019 Dick Lang died of stress-related conditions. Plaintiffs allege that the stress of battling DSHS for 425 days to regain custody of his sons, C.L. and R.L. destroyed Dick Lang's health and proximately caused his early death.

85.    As a direct and proximate cause of Dick Lang's wrongful death, Joanna Lang and her children suffered emotional trauma the likes of which are continuing.

## XI.    DISCRIMINATION, 42 U.S.C. § 2000d et seq., RCW 49.60.030

86.    Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

87.    At all relevant times, Defendants Strange and the DSHS Workers were employed by DSHS, acted within the scope of their employment, acted consistently with the policy of DSHS, and thus were acting under color of law. The actions of the Defendants, individually and in concert, supported, aided, encouraged, reinforced, and protected the actions of other Defendants. Additionally, at all relevant times Defendant Hsieh was employed by the AG, acted within the scope of his employment, and thus was acting under color of law.

88.    The Defendants made the race of the Langs and their children a substantial factor in removing the children from the family home and in denying a wheelchair and a guide dog to C.L.

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

89.     As stated above, the Langs are white and Jewish. R.L. and C.L. are minority and have special needs.

90.     Plaintiffs allege that the Defendants gave better treatment to similarly-situated families and children who were not mixed-race and/or not minority or adopted by Jewish parents. This pattern of behavior is unexplainable on grounds other than discriminatory ones.

91.     As a result of this discrimination, the Plaintiffs suffered damages, the likes of which are continuing.

## XII.     CIVIL VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION (RICO) LAW, 18 U.S.C.§§ 1961-1968

92.     Plaintiffs hereby incorporate all the allegations set forth in above in the paragraphs above as if set forth fully herein.

93.     At all relevant times, Defendants Strange and the DSHS Workers were employed by DSHS, acted within the scope of their employment, acted consistently with the policy of DSHS, and thus were acting under color of law. The actions of the Defendants, individually and in concert, supported, aided, encouraged, reinforced, and protected the actions of other Defendants. Additionally, at all relevant times Defendant Hsieh was employed by the AG, acted within the scope of his employment, and thus was acting under color of law.

94.     Plaintiffs have established a claim under the Racketeer Influenced and Corrupt Organization (RICO):

     a. Each element of each predicate act exists (Plaintiffs have completely pled the causes of action listed above);

     b. An "enterprise" exists (the Defendants are all associated in law and in fact);

     c. A pattern of "racketeering activity" exists (there was a pattern of negligent and discriminatory conduct toward the Plaintiffs demonstrated by the

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

unjustified 425-day removal of the children, the defamation of Joanna Lang, and the failure to provide C.L. with a wheelchair, guide dog, and host of other DSHS services);

d. There is a threat that the pattern will continue (there is no guarantee that DSHS will not remove the children again should DSHS receive another unfounded complaint against Joanna Lang); and

e. There is a sufficient nexus between the injury Plaintiffs suffered and the pattern of conduct (the negligent, discriminatory, and defamatory conduct of the Defendants proximately caused the Plaintiffs' injuries, including the death of Dick Lang).

## XIII.   DEMAND

95.    WHEREFORE, the Plaintiffs pray for Judgment against all Defendants, and respectfully request this Court:

a. Award compensatory damages, both general and special, according to proof at trial;

b. Award exemplary and punitive damages as allowed by law;

c. Award attorney fees and costs;

d. Treble damages under 18 U.S.C.§§ 1961-1968;

e. Award such other relief as the Court deems proper;

f. Grant Plaintiffs a protective order against retaliatory action by DSHS-CPS; and

g. Grant Plaintiffs leave to amend this Complaint as discovery proceeds.

DATED this 1st  day of March 2021.

COMPLAINT - 19

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066

1

_____*s/Kevin L. Johnson*_____
2
KEVIN L. JOHNSON, WSBA #24784
Attorney for Plaintiffs

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

COMPLAINT - 20

Kevin L. Johnson, P.S.
Attorney & Counselor at Law
West Side Business Plaza
1405 Harrison Ave NW, Suite 204
Olympia, Washington 98502
(360) 753-3066



## STANDARD TORT CLAIM FORM
General Liability Claim Form #SF 210

Pursuant to Chapter 4.92 RCW, this form is for filing a tort claim against the state of Washington.  Some of the information requested on this form is required by RCW 4.92.100 and may be subject to public disclosure.

For Official Use Only

**RECEIVED**

AUG 3 0 2019

Dept. of Enterprise Services
Office of Risk Management

**PLEASE TYPE OR PRINT CLEARLY IN INK**

**Mail or deliver**
**original claim to**

Department of Enterprise Services
Office of Risk Management
1500 Jefferson Street SE
MS 41466
Olympia, Washington  98504-1466
Fax: 360-407-8022
Email: WashingtonStateTortClaimE-Filing@des.wa.gov

Business Hours: Monday – Friday 8:00 a.m. – 5:00 p.m.
Closed on weekends and official state holidays.

1. Claimant's name:  **Lang**          **JoAnna**                              ▮ -55
   <sub>Last name</sub>        <sub>First</sub>     <sub>Middle</sub>          <sub>Date of birth (mm/dd/yyyy)</sub>

2. Inmate DOC number (if applicable): _____

3. Current residential address: **12401 NE 44th Street, Vancouver, WA 98682**

4. Mailing address (if different): **Same as above.**

5. Residential address at the time of the incident: **12401 NE 44th Street, Vancouver, '**
   (if different from current address)

6. Claimant's daytime telephone number: **360-735-3066**          **360 753-3066**
   <sub>Home</sub>                    <sub>Business or Cell</sub>

7. Claimant's e-mail address: **rtibe2000@aol.com**

8. Date of the incident: **2/2, 3/17**   Time: **7** ☐ a.m. ☑ p.m. (check one)
   <sub>(mm/dd/yyyy)</sub>

9. If the incident occurred over a period of time, date of first and last occurrences:

   from _____ Time: _____ ☐ a.m. ☐ p.m.
   <sub>(mm/dd/yyyy)</sub>                <sub>(mm/dd/yyyy)</sub>

   to **Ongoing** _____ Time: _____ ☐ a.m. ☐ p.m.
   <sub>(mm/dd/yyyy)</sub>                <sub>(mm/dd/yyyy)</sub>

10. Location of incident: **WA  Clark**      **Vancouver**          **My home**
    <sub>State and county</sub>      <sub>City, if applicable</sub>      <sub>Place where occurred</sub>

Exhibit # **A** Pg. # _____

11. If the incident occurred on a street or highway:

_____   _____   _____

Name of street or highway        Milepost number          At the intersection with or
                                                           nearest intersecting street

12. State agency or department alleged responsible for damage/injury:

State Department of Social & Health Services
_____

13. Names, addresses and telephone numbers of all persons involved in or witness to this incident:

_____
_____
_____

14. Names, addresses and telephone numbers of all state employees having knowledge about this incident:

See Attached pg.,  1 item #14.
_____

_____

15. Names, addresses and telephone numbers of all individuals not already identified in #13 and #14 above that have knowledge regarding the liability issues involved in this incident, or knowledge of the Claimant's resulting damages. Please include a brief description as to the nature and extent of each person's knowledge. Attach additional sheets if necessary.

_____
_____
_____
_____

16. Describe the cause of the injury or damages. Explain the extent of property loss or medical, physical or mental injuries. Attach additional sheets if necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

17. Has this incident been reported to law enforcement, safety or security personnel? If so, when and to whom? Please attach a copy of the report or contact information.

_____

_____

_____

18. Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings.

_____

_____

_____

_____

_____

_____

_____

_____

19. Please attach documents which support the allegations of the claim.

20. I claim damages from the state of Washington in the sum of $ 9.11 .

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by the attorney in fact for the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian or guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

*Signature of Claimant*

Or

_____
**Signature of Representative**

Kevin L. Johnson PS
**Print Name of Representative**

21 August 2019
*Date and place (residential address, city and county)*
13401 NE 44th Street
Vancouver, WA Clark

_____
*Date and place (residential address, city and county)*

24784
*Bar Number (if applicable)*

WASHINGTON STATE TORT CLAIM of JOANNA LANG ADDITIONAL PAPER.

Page 1 Item # 16 List of State Employees;

**\* Kaytena M. WachterGonzalez DSHS-CPS**
215 NW 9th Street
Battle Ground, WA
98604

**her supervisor's as follows;**
Jennifer L. White,
Kira Lewis,
Debbie Lynn, Deputy Regional Administrator
Joel Odimba, Regional Administrator
and **DARCEY A. HANCOCK** *Jordon's old Vancouver DSHS social worker.*

**\*Pamela M. Williams**
907 Harney
Vancouver, WA 98666

**\* Janelle E. Redmond DSHS-CPS**
**15917 NE 83rd St.**
**Vancouver, WA 98682**

her supervisors;
Jennifer L. White
Kira Lewis
Debbie Lynn
Joel Odimba
**DARCEY A. HANCOCK**

**\* Lorraine Martinez DSHS-CPS**
907 Harney
Vancouver, WA 98666

her supervisors are;
Maria Oliphant,
Kira Lewis,
Debbie Lynn,
Joel Odimba
**DARCEY A. HANCOCK.**

**Beth A. Kutzera**
**10607 NE 85th Cir.**
**Vancouver, WA 98662**

**her supervisors;**
**Debbie Lynn,**
**Joel Odimba,**
**DARCEY A. HANCOCK**

**J. Aaron Merino**
222 SE 197th Pl.
Camas, WA 98607

his supervisors;
Maria Oliphant,
Kira Lewis,Debbie Lynn,
Joes Odimba
**DARCEY A. HANCOCK**

**Jaimee Scheffler**
**43200 Old Foothill Rd.**
**Richland , OR 97870**

**her supervisors;**
Don L. Lawry,
Beth A. Kutzera Area Administrator
Debbie Lynn,
Joel Odimba,
**DARCEY A. HANCOCK**

**All state actors involved as named above share**     **907 Harney**
**Vancouver, WA**
**98666**


Except **Darcey A. Hancock** who resides 2905 31ST Ln. Olympia, WA 98502

**For . _ _ _  e:** Steven (Steve) R. Vallembois & James (Jimmy) L. Howard-Vallembois
10005 NE 65th Ct. Vancouver, WA 98682

**For (        n:** Jeff Ian Murlin aka Jeff O Murlin aka Jeffry W. Murlin & Eimiko Reachel
Murlin.  179 Derek Drive., Kelso, WA 98626

**DSHS CPS/DLR Social Workers;**

**Laura Caruso**
907 Harney
Vancouver, WA 98666

**Sarah Coshow**
2317 N.W. 101st Street
Vancouver, WA 98685

**Kathy A. Shirilla** "CASA"
10510 NW 14th Ct.
Vancouver, WA  98685

13.   Names, addresses and telephone numbers of all persons involved in or witness to this incident:

     WILMA JACKSON  360-903-8389

14.   Names, addresses and telephone numbers of all state employees having knowledge about this incident:

15.   Names, addresses and telephone numbers of all not already identified in #13 and #14 above that have knowledge regarding the liability issues involved in this incident, or knowledge of the Claimant's resulting damages.

     HSLDA Staff attorney  540-338-2733

16.   Describe the cause of the injury or damages. Explain the extent of property loss or medical, physical or mental injuries.

January 31, 2017 and February 1st 2017 Two reports to CPS; Adult daughter, Holly Lang who has an extensive documented history of severe delusional disorders and multiple personality disorder including drug abuse who refuses treatment and medication for schizophrenia is known to have made a report by admission at the DSHS Family Team Decision Meeting held on 02/06/2017.

February 2, 2017 Pediatrician Dr. Charles Fuchs MD was contacted by DSHS-CPS Pamela Williams before coming to our home and after R████'s exam. Dr. Charles Fuchs MD who called CPS back after R████'s exam and spoke with the social worker that same day 02/02/2017

February 2, 2017 about 10 am  DSHS-CPS Kaytena AKA Kaytie M. Gonzales, Pamela Williams and a police officer came to our home and never told us why there were here (point of contact). When we took ▁▁ to see Dr. Fuchs that same day he told us the reasons CPS gave him why they were investigating; we homeschool ▔▔▔'▁ spends a lot of time in his room and he's thin. Dr. Fuchs added that there had been two reports called in to CPS and that he didn't know if it was one person making two reports or if there were two people making reports.CPS had knowledge that our two sons, RDL and CRL were not in imminent danger when they obtained their Ex Parte order from Commissioner Schineberg on 02/03/2017 to remove the children from their home, violating our Fourteenth Amendment Rights. Dr. Charles Fuch's M.D. exculpatory material medical evidence/ Report of 02/02/2017 and Letter dated 06/29/2017 states that he was communicating with CPS by phone on 02/02/2017. CPS social workers Kaytena aka Kaytie Gonzales and Pamela Williams along with a police officer saw and spoke with ▔ ▁▁▁▁ ▁e morning of 02/02/17.The  Police Officer refused to take the children into custody on 02/02/17. RDL was seen by his doctor, Charles Fuchs M.D. on 2/2/17 after CPS and VPD left our home. Ms. Gonzales gave us a piece of note pad paper that stated that we were to take ▁▁▁▁▁ · to Legacy Salmon Creek Hospital that day "for a full check up". HSLDA staff attorney who spoke with Ms. Gonzales that morning advised us not to take R████ to ER rather to take him to his regular pediatrician, we did.

February 3, 2017 DSHS-CPS got an Ex Parte order "to take child into custody" after they had results from RDL medical exam on 2/2/17 of Dr. Charles Fuchs. CPS social worker, Kaytena M. Gonzales, Petitioner perjured herself when she signed page 5, Relief requested of the Dependency Petition. DSHS-CPS knew or should have known and/or had knowledge that trying to obtain an order stating that RDL and CRL were in imminent danger was false. DSHS-CPS social workers deliberately and maliciously withheld exculpatory material medical evidence from the court on 02/03/2017 when DSHS-CPS SW Kaytena M. Gonzales obtained the Ex Parte order to take child into custody and place in shelter care violated our Fourteenth Amendment Right to "Due"Process. DSHS-CPS Social workers Ms. Kaytena AKA Kaytie M. Gonzales,

Ms.Jay Redmond and Ms. Loraine Martinez all took our sons RDL and CRL from our home on the night of 2/3/17. DSHS-CPS SW Ms. Jay Redmond physically picked CRL up and carried him out of his home and placed him in a car. DSHS-CPS SW Ms. Kaytena aka Kaytie Gonzales told me (Dick Lang) I couldn't not go outside of my home when they were taking my sons' to cars.

February 3, 2017 DSHS-CPS gained unlawful access into our home via Vancouver Police Department threatening to "kick our door down" (Witness Ms. Jackson OTRL heard "I'll kick your door down" as she was coming up the driveway). They searched our home and seized our two son's, RDL and CRL and interviewed RDL in his room without a parent present. DSHS-CPS social workers and possible police officer(s) took both RDL and CRL to Legacy Salmon Creek Hospital Emergency Department where both children underwent a child abuse specific exam by Dr. Tam T. Vuong M.D. Again, DSHS-CPS had knowledge of and/or in their possession exculpatory material medical evidence from yet a second doctor, one of "their" choosing Dr. Vuong Tam T MD Hospital ER who stated in his reports that our son's were "safe to go home" and follow up with "their" doctor Charles E Fuchs" and medical records state; "Exam of the child. There are no concerns of malnourishment or abuse today". Violating our Fourth Amendment right to be present during these exams Wallis v Spencer (9th Cir. 1999/2000),Emrik v Chemung county dept. of social servs., Green v Camreta (9th Cir. court of Appeals 2009).Doe v Lebbos, 348 F.3d 820, 828-829 (9th Cir. 2003)

Both RDL and CRL have special needs and have been unlawfully detained in temporary shelter care for over six (6) months where CRL has sustained numerous weekly    unexplained injuries, severe weight loss and had his iPad that has a communication program on it away. OCR is investigating at this time.We have been deprived of our children due to Kaytena Gonzales maliciously using a perjured Declaration of a Dependency petition that is based on delusions and lies and that this abuse of state power violated our Fourth and Fourteenth Amendment constitutional rights to familial relationship with our son's. Hardwick v Vreeken  United States Court of Appeals, Ninth Circuit.

We have asked for RDL and CRL to be placed together in a suitable person placement. The mother is DSHS Contracted to provide home health care and cares for a young man who has the same rare disorder as CRL, Fragile X syndrome.We requested this happen prior to school starting. It has not.

17.   Has the incident been reported to law enforcement, safety or security personnel? If so, when and to whom?

18.   Names, addresses and telephone numbers of treating medical providers.

Charles Fuchs M.D.  360-892-1635

Vancouver, Washington  98684

Tam T. Voung M.D.  360-487-1000

19.   Documents which support the allegations of the claim.

DR FUCHS LETTER RE CPS 001.jpg

20.   ☑   I claim damages from the state of Washington in the sum of $   2,400,000.00

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dick & Jo Anna Lang
**_Signature of Claimant_**

**_OR_**

| | |
|---|---|
| **_Signature of Representative_** | **_Firm Name_** |
| **_Print Name of Representative_** | |
| **_Phone Number_** | **_Address_** |
| **_Email_** | **_Bar number/ Insurance Claim Number_** |

## Additional Claimants

1.   Claimant's name:   LANG,     DICK     GORDON     ███/1954
                            Last name     First     Middle     Date of birth

     Relationship to claimant:   Spouse          ☐ Injured Party

2.   Inmate DOC number (if applicable): _____

3.   Current residential address:   12401 NE 44th Street, VANCOUVER, WA  98682

4.   Mailing address (if different): _____

5.   Residential address at time of incident: _____
     (if different from current address)

☐ Same as primary

6.  Claimant's daytime telephone number:    360-256-3535

                                             Home                     Business                   Cell

7.  Claimant's e-mail address:    RTRIBE2000@aol.com

# STANDARD TORT CLAIM FORM
General Liability Claim Form #SF 210

For Official Use Only

RECEIVED

AUG 3 0 2019

Dept. of Enterprise Services
Office of Risk Management

Pursuant to Chapter 4.92 RCW, this form is for filing a tort claim against the state of Washington.  Some of the information requested on this form is required by RCW 4.92.100 and may be subject to public disclosure.

## PLEASE TYPE OR PRINT CLEARLY IN INK

**Mail or deliver**
**original claim to**
Department of Enterprise Services
Office of Risk Management

1500 Jefferson Street SE
MS 41466
Olympia, Washington  98504-1466
Fax: 360-407-8022
Email: WashingtonStateTortClaimE-Filing@des.wa.gov

Business Hours: Monday – Friday 8:00 a.m. – 5:00 p.m.
Closed on weekends and official state holidays.

1. Claimant's name: **Lang** **Dick** **Gordon** ▇/1954
   Last name     First     Middle     Date of birth (mm/dd/yyyy)

2. Inmate DOC number (if applicable): _____

3. Current residential address: **12401 NE 44th Street, Vancouver WA 98682**

4. Mailing address (if different): _____

5. Residential address at the time of the incident: **12401 NE 44th Street, Vancouver W**
   (if different from current address)

6. Claimant's daytime telephone number: **(360)2563535** _____
   Home     Business or Cell

7. Claimant's e-mail address: **rtribe2000@aol.com**

8. Date of the incident: **02/3/17** Time: **7** ☐ a.m. ☑ p.m. (check one)
   (mm/dd/yyyy)

9. If the incident occurred over a period of time, date of first and last occurrences:

   from _____ Time: _____ ☐ a.m. ☐ p.m.
   (mm/dd/yyyy)     (mm/dd/yyyy)

   to _____ Time: _____ ☐ a.m. ☐ p.m.
   (mm/dd/yyyy)     (mm/dd/yyyy)

10. Location of incident: **WA   Clark**     **Vancouver**     **Vancouver**
    State and county     City, if applicable     Place where occurred

Exhibit # _B_ Pg. # _____

11.  If the incident occurred on a street or highway:

| Name of street or highway | Milepost number | At the intersection with or nearest intersecting street |
| --- | --- | --- |

12.  State agency or department alleged responsible for damage/injury:

Depart. Of Social and Health services (DSHS), Child Protective Services

13.  Names, addresses and telephone numbers of all persons involved in or witness to this incident:

Wilma Jackson 360-903-8389

14.  Names, addresses and telephone numbers of all state employees having knowledge about this incident:

See Attached Page 1 Item # 14

15.  Names, addresses and telephone numbers of all individuals not already identified in #13 and #14 above that have knowledge regarding the liability issues involved in this incident, or knowledge of the Claimant's resulting damages. Please include a brief description as to the nature and extent of each person's knowledge. Attach additional sheets if necessary.

16.  Describe the cause of the injury or damages. Explain the extent of property loss or medical, physical or mental injuries. Attach additional sheets if necessary.

17. Has this incident been reported to law enforcement, safety or security personnel? If so, when and to whom? Please attach a copy of the report or contact information.

_____

_____

_____

18. Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings.

_____

_____

_____

_____

_____

_____

_____

19. Please attach documents which support the allegations of the claim.

20. I claim damages from the state of Washington in the sum of $ 9,000,000 .

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by the attorney in fact for the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian or guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

_____        21 August 2019
**Signature of Claimant**                **Date and place (residential address, city and county)**
                                         12401 NE 44th Street
Or                                       Vancouver, WA - Clark

JoAnna Lansdale DCA Lang    21 August 2019
**Signature of Representative**          **Date and place (residential address, city and county)**
                                         12401 NE 44th Street
                                         Vancouver, WA Clark

Kevin L. Johnson PS                      24784
**Print Name of Representative**         **Bar Number (if applicable)**

17. Has this incident been reported to law enforcement, safety or security personnel? If so, when and to whom? Please attach a copy of the report or contact information.

_____

_____

_____

18. Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings.

_____

_____

_____

_____

_____

_____

_____

19. Please attach documents which support the allegations of the claim.

20. I claim damages from the state of Washington in the sum of $ 2,000,000.

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by the attorney in fact for the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian or guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

_____
*Signature of Claimant*

Or

_____
*Signature of Representative*

Kevin L. Johnson PS
*Print Name of Representative*

Same as JoAnna Lang,
_____
*Date and place (residential address, city and county)*

8/30/19
_____
*Date and place (residential address, city and county)*

24784
_____
*Bar Number (if applicable)*

**J. Aaron Merino**
222 SE 197th Pl.
Camas, WA 98607

his supervisors;
Maria Oliphant,
Kira Lewis,Debbie Lynn,
Joes Odimba
**DARCEY A. HANCOCK**

**Jaimee Scheffler**
**43200 Old Foothill Rd.**
**Richland , OR 97870**

**her supervisors;**
Don L. Lawry,
Beth A. Kutzera Area Administrator
Debbie Lynn,
Joel Odimba,
**DARCEY A. HANCOCK**

**All state actors involved as named above share**        **907 Harney**
**Vancouver, WA**
**98666**

Except **Darcey A. Hancock** who resides 2905 31ST Ln. Olympia, WA 98502

**For**        : Steven (Steve) R. Vallembois & James (Jimmy) L. Howard-Vallembois
10005 NE 65th Ct. Vancouver, WA 98682

**For**        ı: Jeff Ian Murlin aka Jeff O Murlin aka Jeffry W. Murlin & Eimiko Reachel
Murlin.  179 Derek Drive., Kelso, WA 98626

**DSHS CPS/DLR Social Workers;**

**Laura Caruso**
907 Harney
Vancouver, WA 98666

**Sarah Coshow**
2317 N.W. 101st Street
Vancouver, WA 98685

**Kathy A. Shirilla** "CASA"
10510 NW 14th Ct.
Vancouver, WA  98685

WASHINGTON STATE TORT CLAIM of JOANNA LANG ADDITIONAL PAPER.

Page 1 Item # 16 List of State Employees;

**\* Kaytena M. WachterGonzalez DSHS-CPS**
215 NW 9th Street
Battle Ground, WA
98604

<u>her supervisor's as follows;</u>
Jennifer L. White,
Kira Lewis,
Debbie Lynn, Deputy Regional Administrator
Joel Odimba, Regional Administrator
and **DARCEY A. HANCOCK** J        *old Vancouver DSHS social worker.*

**\*Pamela M. Williams**
907 Harney
Vancouver, WA 98666

**\* Janelle E. Redmond DSHS-CPS**
**15917 NE 83rd St.**
**Vancouver, WA 98682**

<u>her supervisors;</u>
Jennifer L. White
Kira Lewis
Debbie Lynn
Joel Odimba
**DARCEY A. HANCOCK**

**\* Lorraine Martinez DSHS-CPS**
 907 Harney
 Vancouver, WA 98666

her supervisors are;
Maria Oliphant,
Kira Lewis,
Debbie Lynn,
Joel Odimba
**DARCEY A. HANCOCK.**

**Beth A. Kutzera**
**10607 NE 85th Cir.**
**Vancouver, WA 98662**

**her supervisors;**
**Debbie Lynn,**
**Joel Odimba,**
DARCEY A. HANCOCK

Bob Ferguson
# ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW • PO Box 40126 • Olympia WA 98504-0126

May 22, 2017

Joanna Lang
12401 NE 44th Street
Vancouver, WA  98682

RE:   **Claim of *Lang, Joanna (on behalf of L███, C███████; Lang, R███████***
      **ORM No. 30071814**

Dear Ms. Lang:

We are in receipt of a copy of your claim against the State of Washington in the amount of $2,400,000.00, filed with the Department of Enterprise Services' Office of Risk Management on May 11, 2017.  This acknowledgement does not indicate the State's agreement that this claim should be allowed or is legally sufficient.  Please be advised that an initial investigation by our office of this claim may take 60-80 days.

Any further correspondence or inquiries you have about this claim should be directed to the undersigned at:

      Office of the Attorney General
      Torts Division
      7141 Cleanwater Drive SW
      PO Box 40126
      Olympia, WA 98504-0126

Sincerely,

LEIGH J. SWANSON
Chief Torts Investigator



Washington State Dep
Enterprise !
(http://www.des.wa.gov)

File Another Claim
(/Home/Index)
DES Home
(http://des.wa.gov/) |
Contact Us
(http://des.wa.gov/services/Risk/Pages/default.aspx)

# Your Claim has been submitted

Confirmation #: 131487151241017440

The Office of Risk Management will contact you within approximately 10 days acknowledging we received your claim. If you have questions or want to follow-up or your claim, call (360) 407-9199.

Please print this page or download a copy of your submitted claim for your records.

Download Claim

© Copyright 2015 Department of Enterprise Services DES Home Page (http://www.des.wa.gov) | Contact Us (http://des.wa.gov/services/Risk/Pages/default.aspx)



# STANDARD TORT CLAIM FORM

General Liability Claim Form #SF 210W

Pursuant to Chapter 4.92 RCW, this form is for filing a tort claim against the state of Washington.  Some of the information requested on this form is required by RCW 4.92.100 and may be subject to public disclosure.

| For Official Use Only |
| --- |
| Confirmation #: 131854389061761710 |
| Submitted: 10/31/2018   RECEIVED |

AUG 3 0 2019

Dept. of Enterprise Services
Office of Risk Management

1.  Claimant's name: _____
     Last name            First            Middle            Date of birth

2.  Inmate DOC number (if applicable): _____ ☐ Injured Party

3.  Current residential address:  12401 NE 44th STREET, VANCOUVER, Washington  98682

4.  Mailing address (if different): _____

5.  Residential address at time of incident: _____
     (if different from current address)

6.  Claimant's daytime telephone number:  (360)256-3535
                                          Home          Business          Cell

7.  Claimant's e-mail address:   RTRIBE2000@aol.com
     Preferred contact method:   Email

8.  Date of incident: _____      Time: _____

9.  If the incident occurred over a period of time, date of first and last occurrences:

     from   02/03/2017 _____      Time:   7pm _____

     to     03/30/2018 _____      Time: _____

10.  Location of incident:   Washington      COWLITZ      WASHINGTON                    KELSO
                             State           County       City            Place where occurred

11.  If the incident occurred on a street or highway, name of street or highway, intersection or nearest intersecting street, milepost number:

     _____

12.  State agency or department alleged responsible for damage/injury:

     DSHS/CPS

Exhibit # _C_  Pg. # _____

13.   Names, addresses and telephone numbers of all persons involved in or witness to this incident:

14.   Names, addresses and telephone numbers of all state employees having knowledge about this incident:

15.   Names, addresses and telephone numbers of all not already identified in #13 and #14 above that have knowledge regarding the liability issues involved in this incident, or knowledge of the Claimant's resulting damages.

16.   Describe the cause of the injury or damages. Explain the extent of property loss or medical, physical or mental injuries.

DSHS/CPS failed to properly investigate CA/N, did not interview/speak with exculpatory witnesses and suppressed exculpatory material medical evidence, ignored O███████'s life long pediatrician, Charles E. Fuchs M.D., the doctor at Legacy Salmon Creek Hospital, Tam T. Vuong M.D. who stated in his medical record that O█████ "WAS SAFE TO GO HOME' and "FOLLOW UP WITH HIS PEDIATRICIAN" CPS SW took my son to the night he was snatched where O██████ was subjected to a Child Abuse Specific exam even though there were never any allegations regarding O██████whatsoever. DSHS/CPS SW sole Dependency Petitioner, Kaytena aka"Kaytie" Marie Gonzalez who has an extensive RAP sheet including Felony Convictions obtained an Ex Parte order based on malicious lies and fabricated evidence to take O██████ from the security of his loving parents by falsely stating O██████was in imminent danger and that DSHS/CPS had made efforts to prevent removal, another lie. O██████was then placed into a dangerous, chaotic foster home where he suffered physical and emotional harm/ trauma, was starved, rotted out his baby teeth and housed in a camp trailer in the back woods of Kelso WA after the foster's moved to another county/city and took O██████with them for nearly half a year my son was forced to live in those horrific conditions after the foster parents left the kids home alone and a fire was started.

The extent of O██████'s medical, physical and mental injuries are enormous. O██████will require extraordinary care throughout his life. O█████s life has been significantly altered. He has a lot of fear and anxiety as well as medical issues.

17.   Has the incident been reported to law enforcement, safety or security personnel? If so, when and to whom?

18.   Names, addresses and telephone numbers of treating medical providers.

██████  L██  TORT CLAIM CONTINUED:

██████████████ is a sweet obedient, precious little boy loved by all who know him and they are many with NO behaviors that would require ligatures/restraints at bed time, or ever.

Per medical records obtained from Vancouver Clinic, the department through their foster mother, Emikio Murlin asked for a letter approving the use of ligatures to be used on ██████████████ a five year old Hispanic boy who was born with FRAGILE X SYNDROME.

███████████ANG entered temporary shelter care on February 03, 2017 since that time ████████████ had been denied access to his Medical Formula prescribed by his regular pediatrician Dr. Charles Fuchs MD Evergreen Pediatric Clinic. ████████ LANG'S Registered Dietitian's nutritional plan was disregarded that advises the use of Medical Formula for ████████████ health needs.

████████████ was denied access to all his Sensory Specific Clothing.

 DSHS knew that we are Jewish and we do not eat meat or immunize yet they allowed the FP to feed ██████████ meat and consent to immunizations eight (8) days *after* DSHS employees received the Washington State Department of Health Immunization Exemption for ██████████████

 Signed by both his regular pediatrician and his mother on March 01, 2017 on

March 09, 2017 Vancouver Clinic records state that          ███  was given that

day multiple Immunizations against his parent, JOANNA LANG'S religious beliefs and

Regular Pediatrician CHARLES FUCHS signed Exemption Documentation.


      ████       ʼas come to supervised visitation with severe bloody rash in his groin area.

ᴄ ...        ɪas come to supervised visitation with many unexplained bruises.

         ‾‾ as come to supervised visitation with scratches near his eye.

         ɪas come to supervised visitation in skinny jeans that are not his that we so tight they restricted his breathing.

_ _ _ _ _ _ _ ¡ came to visitation with an "egg' large raised knot on his head with no explanation.

_ _ _ _ _ _ _ _ uses sign language yet the foster home is a non-signing home leaving _ _ _ _ _ _ _ _ ¡ unable to communicate with those he depends upon.

_ _ _ _ _ _ has been forced to potty train per CASA Kathy Shirilla in court on March 21st 2017 stated that " _ _ _ _ _ is being potty trained". _ _ _ and other children like him do not just "start to potty train". FRAGILE X SYNDROM children and adults who learn to use a toilet are trained in a specific manor and certainly not upon entering a foster care situation that is traumatic in itself. Because of their lack of care and understanding of FRAGILE X SYNDROME, _ _ _ _ has again been placed in harms way and because of their actions, may never use a toilet.

_ _ _ _ _ _ _ _ _ has been denied his basic rights to food and clothing that "meets his needs" per Washington State "PARENTS GUIDE TO CPS" Brochure.

*Does not have Autism*. He has FRAGILE X SYNROME (FXFM).

**12/8/2016** DSHS-CPS received a report of maltreatment of _ _ _ _ _ _ _ _, that he was in danger of imminent harm on **December 08, 2016** and yet DSHS-CPS waited until **February 02, 2017** to come to his home with Police. That day, Police refused to take _ _ _ _ _ _ and his younger brother ( _ _ _ _ _ _ ¡ into custody at the request of DSHS-CPS.

**2/2/17** DSHS-CPS came to _ _ _ _ _ _ _ _ _ _ home on the morning of February 02, 2017. Social workers Kaytie aka Kaytena M. Gonzales and Pam Williams along with a police officer. _ _ _ _ _ _ _ _ Mother, Jo Anna Lang spoke with HSLDA Staff attorney who had her allow the social workers and police officer see and speak with R▮▮▮▮ D. L▮▮. Police REFUSED to take the children into custody.

**Note:** DSHS *waited two months* after the report on **12/8/2016.** DSHS-CPS Removed _ _ _ _ _ _ _ _ from his home **February 3, 2017** based on allegations of "concern of maltreatment of his 13 year old brother. There were no allegations regarding _ _ _ _ _ _ _ _ care. This was the ***first point of contact*** yet CPS never told the family why they were there or why the department wanted then to take R▮▮▮ to an ER across town.

**2/2/2017** HSLDA staff attorney advised the parents of          to take his brother       his regular pediatrician, not the ER.

**2/2/2017** Parents took         to his own doctor who gave I       a clean bill of health and explained to the mother why CPS was at their home earlier. When asked if he knew why CPS was at their home, Dr. Fuchs replied; well, you homeschool, ⌐ ⌐⌐¹⌐ spends a lot of time in his room and he's thin. He went on to tell mom that they, CPS had called him today. Pediatrician Dr. Charles Fuchs examined ▸       ◂ and allowed him to return home with his mother, Jo Anna Lang. Dr. Fuchs stated that he would call CPS about today's visit, that he had examined and spoke privately with R█████ L██.

**2/3/2017** DSHS-CPS came back to ⌐             home **at approximately 7pm** with Kaytena Gonzales, "J", and "Loraine" plus four (4) special unit police officers making a total of seven (7) strangers in the children's family home. DSHS-CPS handed us an envelope with scattered court paper copies. One officer said ***if we don't let them in they will go get a warrant and come back and "kick the door down".***

HSLDA staff attorneys were again called and they asked us to read them the paperwork over the phone then advised us to let them take the boys tonight. We did. At which time we gave DSHS-CPS nearly all of            ⌐ sensory kind wardrobe, seamless socks, special diapers (for disabled children that have outgrown baby diapers), Annie mac, banana's, bottled water, cases of          Medical Formula, bottles with therapeutic nipples and bottle liners. And Gigi, ⌐       ⌐ best friend, security and verbal translator.

**2/5/2017** DSHS-CPS Kaytie aka Kaytena M. Gonzales brought a FTDM paper to our home that Sunday afternoon about 2pm. That meeting invitation *failed* to give us important information that we could invite others to this meeting.

**2/7/2017** DSHS-CPS held the FTDM and invited a foster parent, Emikio Murlin (who had only received            into her foster home 72 hours prior) to our family's meeting without notice or our consent.

**3/8/2017** DSHS-CPS 45-90 day time limit to close their investigation was exhausted to complete their investigation and give parents of          notice of the department's findings. Parents have *never* received any such notice.

**3/21/2017** DSHS-CPS took an order to the court Commissioner to allow the foster parents to take          a child born with FRAGILE X SYNDROME out of state on a 14 hour drive to 6 flags amusement park in California during spring break. Again, compromising          s safety and wellbeing. The court denied the

department's request/order siting that ⌐ ........⌐   ⌐ is fairly involved nonverbal child and has not been with this foster family for only a few weeks-still adjusting.

**3/30/2017** DSHS-CPS now eight (8) days after the **3/21/17** trip hearing, with no mention of the following, DSHS-CPS is now asking the court for an order to **Suspend *all* Visitation.** CASA Kathy Shirilla who was "pro trip" for                    ; and who never mentioned anything about                    crying after a visit the past couple times "after" he returned to the foster home did he begin to cry per CASA Kathy Shirilla testimony. ***Supervised Visitation Reports*** for those "past couple visits" *were favorable as to the parents and separation was not an issue*. Only was it upon arrival back to the foster mother did            ⌐ ......⌐ ⌐   begin to cry which is a sign of abuse per US Department of Justice


**3/15/2017**                    ; arrived at Supervised Visitation **WEDNESDAY MARCH 15ᵀᴴ 2017** five (5) days AFTER O⬛⬛⬛ L⬛ 'S previous visitation.  ⌐ ⌐ ⌐   •
ᛁ ᛌ      presented with unexplained large raised knot on the side of his head and horrific bruising around his ankles that appears to be consistent with ligature bruising and consistent with the DSHS-CPS Doctor's letter of MARCH 16ᵗʰ 2017 Vancouver Clinic letter of Dr. Stephen Miller giving his approval for the foster parents to physically restraiᴦ            ⌐ at nightand medical chart notes dated **3/9/2017** whereas the foster mother informed Dr. Miller that *"CPS desires documentation (letter created) regarding patients "sleeping arrangement"*. **Note**: The letter dated **3/16/2017** of Dr. Stephen Miller states that            ⌐ ⌐ as seen today". However, Vancouver Clinic Scheduling and chart notes indicate thaᴛ ⌐ ⌐   ; was only seen February 8ᵗʰ 2017 and MARCH 9ᵀᴴ 2017 by Dr. Stephen Miller.            ⌐ ⌐   ⌐ was seen AT Urgent Care Vancouver Clinic on February 20ᵗʰ 2017

19. Documents which support the allegations of the claim.

    CPS BG 1 001.jpg, CPS BG 3 001 (2).jpg, CPS BG 4 001 (2).jpg

20. ☑   I claim damages from the state of Washington in the sum of $ ___17 MILLION___

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

JOANNA LANG OBO C███████ L███
**Signature of Claimant**

*OR*

*Kim Johnson*
Signature of Representative

*KEVIN JOHNSON*
**Print Name of Representative**

*(360) 753-3066*
**Phone Number**

*KevinJohnson230@gmail.com*
**Email**

*Kevin Johnson, PS Attorney at law*
**Firm Name**

*1405 Harrison AE NE Suite 204*
*Oly, WA 98502*
**Address**

*24784*
**Bar number/ Insurance Claim Number**

# STANDARD TORT CLAIM FORM

General Liability Claim Form #SF 210W

Pursuant to Chapter 4.92 RCW, this form is for filing a tort claim
against the state of Washington.  Some of the information
requested on this form is required by RCW 4.92.100 and may be
subject to public disclosure.

<table>
<tr><td colspan="2">For Official Use Only</td></tr>
<tr><td>Confirmation #:</td><td>13185479597627963O</td></tr>
<tr><td>Submitted:</td><td>10/31/2018</td></tr>
</table>

RECEIVED
AUG 3 0 2019
Dept. of Enterprise Services
Office of Risk Management

1.  Claimant's name:   L_____ R_____ _____ _____

    Last name        First        Middle        Date of birth

2.  Inmate DOC number (if applicable): _____   ☐ Injured Party _____

3.  Current residential address:   12401 NE 44th STREET, VANCOUVER, Washington  98682

4.  Mailing address (if different): _____

5.  Residential address at time of incident: _____
    (if different from current address)

6.  Claimant's daytime telephone number:   (360)256-3535

    Home        Business        Cell

7.  Claimant's e-mail address: _____
    Preferred contact method:   Email

8.  Date of incident:   02/03/2017          Time:   7pm

9.  If the incident occurred over a period of time, date of first and last occurrences:

    from   _On go i o9_          Time: _____

    to   _____          Time: _____

10. Location of incident:          CLARK       WASHINGTON          VANCOUVER

        State        County        City        Place where occurred

11. If the incident occurred on a street or highway, name of street or highway, intersection or nearest
    intersecting street, milepost number:

    _____

12. State agency or department alleged responsible for damage/injury:

    DSHS/CPS

Exhibit # D Pg. # _____


13.   Names, addresses and telephone numbers of all persons involved in or witness to this incident:

14.   Names, addresses and telephone numbers of all state employees having knowledge about this incident:

15.   Names, addresses and telephone numbers of all not already identified in #13 and #14 above that have knowledge regarding the liability issues involved in this incident, or knowledge of the Claimant's resulting damages.

16.   Describe the cause of the injury or damages. Explain the extent of property loss or medical, physical or mental injuries.

DSHS/CPS failed to properly investigate CA/N, did not interview/speak with exculpatory witnesses and suppressed exculpatory material medical evidence, ignored                    ediatrician, Charles E. Fuchs M.D., the doctor at Legacy Salmon Creek Hospital, Tam T. Vuong M.D. who stated in his medical record that R██████ "WAS SAFE TO GO HOME' and "FOLLOW UP WITH HIS PEDIATRICIAN" CPS SW took my son to the night he was snatched where           was subjected to a Child Abuse Specific exam based on "hearsay" of a mentally ill family member via telephone. DSHS/CPS SW sole Dependency Petitioner, Kaytena aka"Kaytie" Marie Wachter- Gonzalez who has an extensive RAP sheet including Felony Convictions obtained an Ex Parte order based on malicious lies and fabricated evidence to take         from the security of his loving parents by falsely stating R██████ was in imminent danger and that DSHS/CPS had made efforts to prevent removal. When DSHS/CPS social workers Kaytena M. Gonzalez and Pamela Williams came to our home on 2/2/2017 they saw            spoke with him and the officer who was with them REFUSED to take my son into protective custody. When that failed, Kaytena M. Gonzalez pressed for an Ex Parte pick up order and came back to our home the next "night" with 3 social workers and 4 police officers and no warrant to enter our home. F        fter being examined at Legacy and no injuries, no undernourishment and safe to go home,            as placed in a foster home that had cameras and Alarm system, with two dad's and a SAY who acted out openly sexually,  foster dad 1 James Howard demanded           o Days After Placement to take off ALL his clothes so he "Jimmy" could check his body for bruises (strip search) of R██████ after he'd been see by a M.D. the night he was taken from his home and family. Foster dad 2, Steve Vallambois  t         "if you were my kid, I'd slap the shit outa you"          given a device/tablet where he was allowed free range online and went to "adult websites" and accessed porn. DSHS/CPS did not protect my son, they harmed him. mental well-being was ignored and he encountered physical fights with other foster boys in that pl..   .ent. And had his prescribed medications removed and/or reduced.F         s sent to camp Starlight, a camp for children effected by Aids/HIV. He had to have blood drawn and or shots to go to this camp. He was told "its a camp for foster kids            nstantly asked SW Kaytena Gonzalez and Aaron Merino to see his younger brother, C            , he went over a year without visits with his brother.

17.   Has the incident been reported to law enforcement, safety or security personnel? If so, when and to whom?

18.    Names, addresses and telephone numbers of treating medical providers.

19.    Documents which support the allegations of the claim.

       CPS BG 1 001.jpg, CPS BG 3 001.jpg

20.    ☑    I claim damages from the state of Washington in the sum of $    9 MILLION

This Claim form must be signed by the Claimant, a person holding a written power of attorney from the Claimant, by an attorney admitted to practice in Washington State on the Claimant's behalf, or by a court-approved guardian ad litem on behalf of the Claimant.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Jo Anna Lang obo R█████ Lang
**Signature of Claimant**

OR

_Kevin Johnson_
**Signature of Representative**

_Kevin Johnson_
**Print Name of Representative**

_(360) 753-3066_
**Phone Number**

_KevinJohnson230@gmail.com_
**Email**

_Kevin L. Johnson, P.S. Attorney_
**Firm Name**

_1405 Harrison Ave Suite 204_
_Olympia, WA 98502_
**Address**

_24784_
**Bar number/ Insurance Claim Number**

**CIVIL**
**CLARK COUNTY  SUPERIOR COURT**
Case Information Cover Sheet (CICS)
**Case Number 21-2-00330-06  Case Title JOANNA LANG, ET. AL V. THE DEPARTMENT**
**OF SOCIAL AND HEALTH SERVICES, CITY OF VANCOUVER, ET AL**

**Attorney Name, Kevin L. Johnson.  Bar Membership Number 24784**

Please check one category that best describes this case for indexing purposes.  Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources.  Cause of action definitions are listed on the back of this form.  Thank you for your cooperation.

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ PRG | Property Damage – Gangs | |
| ☐ | ALR | Administrative Law Review | ☐ PRP | Property Damages | |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ QTI | Quiet Title | |
| ☐ | CRP | Petition for Certificate of Restoration of | ☐ RDR | Relief from Duty to Register Opportunity | |
| ☐ | CHN | Non-Confidential Change of Name | ☐ RFR | Restoration of Firearm Rights | |
| ☐ | COL | Collection   ☐ SDR   School District-Required Action Plan | | | |
| ☐ | CON | Condemnation   ☐ SPC   Seizure of Property-Commission of Crime | | | |
| ☐ | COM | Commercial   ☐ SPR   Seizure of Property-Resulting from Crime | | | |
| ☐ | DOL | Appeal Licensing Revocation   ☐ STK   Stalking Petition | | | |
| ☐ | DVP | Domestic Violence   ☐ SXP   Sexual Assault Protection | | | |
| ☐ | EOM | Emancipation of Minor   ☐ TAX   Employment Security Tax Warrant | | | |
| ☐ | FJU | Foreign Judgment   ☐ TAX   L & I Tax Warrant | | | |
| ☐ | FOR | Foreclosure   ☐ TAX   Licensing Tax Warrant | | | |
| ☐ | FPO | Foreign Protection Order   ☐ TAX   Revenue Tax Warrant | | | |
| ☐ | HAR | Unlawful Harassment   ☐ TMV   Tort – Motor Vehicle | | | |
| ☐ | INJ | Injunction   ☐ TRJ   Transcript of Judgment | | | |
| ☐ | INT | Interpleader   **X**   **TTO**   **Tort – Other** | | | |
| ☐ | LCA | Lower Court Appeal – Civil   ☐ TXF   Tax Foreclosure | | | |
| ☐ | LCI | Lower Court Appeal – Infractions   ☐ UND   Unlawful Detainer – Commercial | | | |
| ☐ | LUPA | Land Use Petition Act   ☐ UND   Unlawful Detainer – Residential | | | |
| ☐ | MAL | Other Malpractice   ☐ VAP   Vulnerable Adult Protection Order | | | |
| ☐ | MED | Medical Malpractice   ☐ VVT   Victims of Motor Vehicle Theft-Civil Action | | | |
| ☐ | MHA | Malicious Harassment   ☐ WDE   Wrongful Death | | | |
| ☐ | MSC2 | Miscellaneous – Civil   ☐ WHC   Writ of Habeas Corpus | | | |
| ☐ | MST2 | Minor Settlement – Civil  (No Guardianship)   ☐ WMW   Miscellaneous Writs | | | |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator)   ☐ WRM Writ of Mandamus | | | |
| ☐ | PFA | Property Fairness Act   ☐ WRR  Writ of Restitution | | | |
| **X** | **PIN** | **Personal Injury**   ☐ WRV   Writ of Review | | | |
| ☐ | PRA | Public Records Act   ☐ XRP   Extreme Risk Protection Order | | | |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW**.

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW**.

_____

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

_P. Stover DNP, HRNP_
Full Name of Party Filing Document

_16811 SE McGillivray Blvd._
Mailing Address (Street or Post Office Box)

_Vancouver, WA 98683_
City, State and Zip Code

_360 735 8100_
Telephone

_____
Email Address (if any)

IN THE SUPERIOR COURT

FOR THE STATE OF WASHINGTON, IN AND FOR THE COUNTY OF <u>CLARK</u>

| | |
|---|---|
| IN THE MATTER OF, | |
| STATE of WASHINGTON DSHS | STATEMENT OF EXAMINING PHYSICIAN |
| v. | |
| LANG | |

I have examined HOLLY LOUISE LANG, ▮▮▮▮▮▮▮▮, 1977 a vulnerable adult

and it is my opinion that he/she ☐ is ☒ is not available to testify at a hearing due to

her long history of mental illness and being found incompetent by Clark Superior Court

Case Number 95-4-00711-3. Due to Holly Lang's mental disability, she is unable to

recall events and truthfully explain them. Holly Lang was hospitalized at St Johns

Medical Center mental health unit 10/20/17 through 10/31/17 due to untreated

schizophrenia. She had stopped taking her medications for schizophrenia at an

undetermined time and attempted suicide on 10/20/17.

Date: _12/28/2017_        _Pamela R. Stover DNP, ARNP_
Signature of Physician

_Pamela R. Stover DNP, ARNP_
Typed/printed name

Exhibit # __1__ Pg. # _____

 PeaceHealth

FAMILY MEDICINE - 87TH AVE - VANCOUVER, WA
505 Ne 87th Ave Ste 260
Vancouver WA 98664-1989


Holly L Lang
11614 Ne 49th St C11
Vancouver WA 98682


November 1, 2017

Patient: ██████████
Date of Birth: ██████ 1977
Date of Visit: 11/1/2017

To Whom it May Concern:

██████ was hospitalized at St Johns Medical Center mental health unit 10/20/17 through 10/30/17 for voluntary observation and treatment of schizophrenia.  She had stopped taking her medications for schizophrenia at an undetermined time and attempted suicide 10/20/17.  She was evaluated at Southwest Medical Center emergency department initially on 10/20/17 for the suicide attempt.

Sincerely,

Marie A Kirkpatrick, PA-C

Family Medicine - 87th Ave - Vancouver, Wa
505 Ne 87th Ave Ste 260
Vancouver WA 98664-1989
360-514-6450



**PeaceHealth**
St. John Medical Center

October 31, 2017

To whom it may concern:

Holly Lang was a patient at St. John Medical Center from October 20, 2017 until October 31, 2017.

Thank you,

Nancy Burkey M.D.

Exhibit # 1 Pg. # 2

PO Box 3002, Longview, WA 98632
www.peacehealth.org

360-636-4836

360-636-6792



STATE OF WASHINGTON

DEPARTMENT OF SOCIAL AND HEALTH SERVICES

*CHILDREN'S ADMINSTRATION*

907 Harney St. PO Box 9809
Vancouver, WA 98666

04/03/2017

CERTIFIED MAIL: 91 7199 9991 7037 2242 1084

JOANN LANG
12401 NE 44th St
Vancouver, WA 98682

RE: Intake Number:   3534736

Dear JOANN LANG:

I am writing to inform you of the results of the Child Protection Services (CPS) Investigation conducted by the Department of Social and Health Services (DSHS) and your rights concerning the results of this Investigation. On or about 01/31/2017, CPS received a report alleging that you abused or neglected your child or a child in your care. CPS investigated this report, which included a discussion of the allegations with you, and has found that the alleged abuse or neglect occurred.

**What type of child abuse or neglect did you allegedly commit?**

The allegation(s) are:

- Negligent treatment or maltreatment

Child abuse and neglect is defined in state law. CPS is required to use these definitions when investigating allegations of abuse and neglect.

**What did CPS find?**
The CPS investigation showed that the allegation(s) of:

1. Negligent Treatment or Maltreatment on Intake Number 3534736 involving victim R█████ L████ is Founded

When an allegation is 'Founded,' it means that CPS investigated the allegation(s) and, based on the information available, has determined that it was more likely than not that the abuse and/or neglect occurred and you are the person responsible for the abuse and/or neglect.

CPS FOUNDED LETTER
DSHS 09-913 (REV. 03/2013)

Page 1 of 7

Exhibit #_ ½ _Pg. #_ /_

**What did CPS base this determination on?**
Brief description (who, what, and where) of the investigation that led to the finding(s).

1. Intake Number 3534736 involving victim _ ___ ___.g with the allegation of Negligent Treatment or Maltreatment is founded against you based on: The determination of FOUNDED findings after this investigation is based on a preponderance of the evidence that negligent treatment did occur. On January 31, 2017, the Department received information alleging negligent treatment/maltreatment of 13-year-old .ang by you          as observed to be underweight with dark sunken in eyes. reported that he was feed smaller portions of food and always hungry after eating; being medicated and often feeling sleepy; you would not allow him to use the restroom without your supervision and often had accidents in his bedroom as you did not respond to his requests to use the restroom. Dr. Fuchs reported that when he first saw F·         a new patient he was in the 15th percentile for weight and in 2016 he dropped to the 1st percentile for weight. Dr. Vuong at Legacy Salmon Creek Emergency Department diagnosed          ι Dehydration, malnourishment and noted that          bones were protrudent at joints. Dr. Vuong reported thaι          ιb testing came back positive for Benzo's. Dr. Vuong reported that          weighed 6/ lb and 7.4 oz on 02/03/2017. During the psychological assessment at Legacy Salmon Creek Hospital on February 03, 2017 ;          ported that he eats breakfast and lunch in his bedroom and sometimes eats dinner in his room as well.          reported that he is not provided with three meals daily, and reported that only sometimes he is provided three meals a day. R▇▇▇ reported that he is hungry all the time. Dr. Copeland evaluated          March 07, 2017 and reported that ‾ ‾ ‾ · ‾ had gained almost 24 lbs. since being removed from your home on 02/03/2017. Dr. Copeland reported that R▇▇▇ disclosed isolation in his bedroom on a daily basis, having to obtain permission and being escorted to the restroom, having accidents due to the his bathroom requests not being attended to, daily hunger, and reduction in his food portions. Dr Copeland reported tha multiple mental health diagnosis and several varying psychiatric medication were based primarily off of your reporting. Dr. Copeland reported that foster parents do not report seeing or experiencing any of the concerning behavioral issues that you had reported to other providers. Mother has failed to act in the best interest of the child and to provide for the child's basic needs that it showed a serious disregard of the consequences to the child of such magnitude that it created a clear and present danger to the child's health, welfare, and safety, therefore negligent treatment/maltreatment is founded.

**What happens to information about Founded CPS reports?**

1. Children's Administration (CA) of the Department of Social and Health Services keeps this information in its computer system. CA is required to report this information to an appropriate law enforcement agency if CA has reason to believe that a crime against a child was committed.

2. Information in CA's computer system is confidential and cannot be released to the public. It can be released if authorized by law or court order and may be used in this state or other states for purposes of:

  • Evidence in court actions concerning your children.
  • Determining if you can be licensed or employed to provide care for children or vulnerable adults, or to reside in a licensed foster or child care home; or
  • Background information in the event there are future CPS or law enforcement reports.

3. If you work for or live with someone who is licensed to provide child care or foster care, information about the Founded CPS investigation will be provided to the State Licensor. The licensor may take licensing action based on the Founded finding(s).

4. You have the right to ask for a review by CA of the Founded finding(s) of child abuse or neglect against you.

Exhibit # _2_ Pg. # _2_

**What are your rights?**

1. You have a right to know the results of the CPS investigation. This letter is provided for this purpose.

2. You have the right to send CPS a written response about the allegation and finding(s). If you send a written response, it will be put in your CPS file. Send written responses to the address printed on top of this letter.

3. You have the right to see your CPS file. You may ask for access to your file in writing or by calling the number listed above.

4. You have the right to ask for a review by CA of a Founded finding(s) of child abuse or neglect against you.

**How do you ask for a review of Founded findings?**

1. You must send a written request for a review to CA. To do this you must:

  • Use the form attached to this letter to ask for a review, and
  • Send your written request to the address identified on the attached form.

2. CA must receive your written request for a review within 30 calendar days from the date you receive this letter.**If CA does not receive the request within 30 calendar days of the date you receive this letter, you will have no further right to challenge the CPS findings.**

**What happens after I ask for a review?**

1. If you submit a timely request for review, your case will be reviewed by a CA Area Administrator within 30 days of receiving the request.

2. After the review, the CA Area Administrator will send you a letter with the results of the review in about 60 days.

3. If the CA Area Administrator does not change the Founded finding(s), you have the right to challenge the finding at an Administrative Hearing. Administrative Hearings are held by the Office of Administrative Hearings, an independent agency that is not part of CA or DSHS. Information regarding Administrative Hearings will be included in the letter from the CA Area Administrator.

**What if I am also involved in a dependency case?**

In some cases when there have been allegations of abuse or neglect, the Department files a dependency petition. If a dependency petition has been filed in which you were named as a parent or guardian of a child, you should talk to your dependency attorney about the difference between a founded finding and a dependency proceeding.

**Where can you find more information about CPS findings and your right to a review?**
Washington Administrative Code (WAC) Chapter 388-15 and RCW 26.44.020 covers these issues. You can access it on line at http://apps.leg.wa.gov/WAC/default.aspx?cite=388-15 and http://apps.leg.wa.gov/rcw/default.aspx?cite=26.44.020

Exhibit # __2__ Pg. # __3__

Sincerely,


JENNIFER WHITE

CPS Supervisor

(360) 993-7900

TELEPHONE NUMBER

Exhibit # 2  Pg. # 4

factors may include the developmental level of the child and the nature of the child's misconduct. A parent's belief that it is necessary to punish a child does not justify or permit the use of excessive, immoderate or unreasonable force against the child.

(3) Sexual abuse means committing or allowing to be committed any sexual offense against a child as defined in the criminal code. The intentional touching, either directly or through the clothing, of the sexual or other intimate parts of a child or allowing, permitting, compelling, encouraging, aiding, or otherwise causing a child to engage in touching the sexual or other intimate parts of another for the purpose of gratifying the sexual desire of the person touching the child, the child, or a third party. A parent or guardian of a child, a person authorized by the parent or guardian to provide childcare for the child, or a person providing medically recognized services for the child, may touch a child in the sexual or other intimate parts for the purposes of providing hygiene, child care, and medical treatment or diagnosis.

(4) Sexual exploitation includes, but is not limited to such actions as allowing, permitting, compelling, encouraging, aiding, or otherwise causing a child to engage in:

    (a) Prostitution;
    (b) Sexually explicit, obscene or pornographic activity to be photographed, filmed, or
       electronically reproduced or transmitted; or
    (c) Sexually explicit, obscene or pornographic activity as part of a live performance,
       or for the benefit or sexual gratification of another person.

(5) Negligent treatment or maltreatment means an act or a failure to act, or the cumulative effects of a pattern of conduct, behavior, or inaction on the part of a child's parent, legal custodian, guardian, or caregiver that shows a serious disregard of the consequences to the child of such magnitude that it creates a clear and present danger to the child's health, welfare, or safety. A child does not have to suffer actual damage or physical or emotional harm to be in circumstances which create a clear and present danger to the child's health, welfare, or safety. Negligent treatment or maltreatment includes, but is not limited to:

    (a) Failure to provide adequate food, shelter, clothing, supervision, or health care necessary for
      a child's health, welfare, or safety. Poverty and/or homelessness do not constitute negligent
      treatment or maltreatment in and of themselves.
    (b) Actions, failures to act, omissions that result in injury to or which create a substantial risk
      of injury to the physical, emotional, and/or cognitive development of a child; or
    (c) The cumulative effects of a pattern of conduct, behavior or inaction by a parent or
      guardian in providing for the physical, emotional and developmental needs of a child's,
      or the effects of chronic failure on the part of a parent or guardian to perform basic parental
      functions, obligations, and duties, when the result is to cause injury or create a substantial
      risk of injury to the physical, emotional, and/or cognitive development of a child.

[Statutory Authority: RCW 74.08.090, 74.04.050, 74.13.031, chapter 26.44 RCW, and 2005 c 512. 07-14-011, § 388-15-009, filed 6/22/07, effective 7/23/07. Statutory Authority: RCW 74.13.031, 74.04.050, and chapter 26.44 RCW. 02-15-098 and 02-17-045, § 388-15-009, filed 7/16/02 and 8/14/02, effective 2/10/03.]

Exhibit # _2_ Pg. # _6_

| **Washington State** Department of Social & Health Services | **Review Request Form** | INTAKE NUMBER |
|---|---|---|
| C.A. Children's Administration | | |

I request Children's Administration conduct a review of the founded report of abuse or neglect in which I am named as an alleged perpetrator.

| SIGNATURE | DATE |
|---|---|
| | |

The outcome of this review should be mailed to the following address:
(Please PRINT your name and correct mailing address).

| NAME | | | |
|---|---|---|---|
| ADDRESS | CITY | STATE | ZIP CODE |

**Sign this form and mail it to:**

## C/O: CAPTA Appeal

907 Harney St. PO Box 9809
Vancouver, WA 98666

**This form must be received by Children's Administration office within 30 calendar days. If it is not received within 30 calendar days, you will have no further right to challenge the CPS findings.**

Exhibit # 2 Pg. # 1

CIVIL
## CLARK COUNTY  SUPERIOR COURT
Case Information Cover Sheet (CICS)

**Case Number 21-2-00330-06  Case Title JOANNA LANG, ET. AL V. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CITY OF VANCOUVER, ET AL**

**Attorney Name, Kevin L. Johnson.  Bar Membership Number 24784**

Please check one category that best describes this case for indexing purposes.  Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources.  Cause of action definitions are listed on the back of this form.  Thank you for your cooperation.

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ PRG | Property Damage – Gangs | |
| ☐ | ALR | Administrative Law Review | ☐ PRP | Property Damages | |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ QTI | Quiet Title | |
| ☐ | CRP | Petition for Certificate of Restoration of | ☐ RDR | Relief from Duty to Register Opportunity | |
| ☐ | CHN | Non-Confidential Change of Name | ☐ RFR | Restoration of Firearm Rights | |
| ☐ | COL | Collection | ☐ SDR | School District-Required Action Plan | |
| ☐ | CON | Condemnation | ☐ SPC | Seizure of Property-Commission of Crime | |
| ☐ | COM | Commercial | ☐ SPR | Seizure of Property-Resulting from Crime | |
| ☐ | DOL | Appeal Licensing Revocation | ☐ STK | Stalking Petition | |
| ☐ | DVP | Domestic Violence | ☐ SXP | Sexual Assault Protection | |
| ☐ | EOM | Emancipation of Minor | ☐ TAX | Employment Security Tax Warrant | |
| ☐ | FJU | Foreign Judgment | ☐ TAX | L & I Tax Warrant | |
| ☐ | FOR | Foreclosure | ☐ TAX | Licensing Tax Warrant | |
| ☐ | FPO | Foreign Protection Order | ☐ TAX | Revenue Tax Warrant | |
| ☐ | HAR | Unlawful Harassment | ☐ TMV | Tort – Motor Vehicle | |
| ☐ | INJ | Injunction | ☐ TRJ | Transcript of Judgment | |
| ☐ | INT | Interpleader | **X** | **TTO** | **Tort – Other** |
| ☐ | LCA | Lower Court Appeal – Civil | ☐ TXF | Tax Foreclosure | |
| ☐ | LCI | Lower Court Appeal – Infractions | ☐ UND | Unlawful Detainer – Commercial | |
| ☐ | LUPA | Land Use Petition Act | ☐ UND | Unlawful Detainer – Residential | |
| ☐ | MAL | Other Malpractice | ☐ VAP | Vulnerable Adult Protection Order | |
| ☐ | MED | Medical Malpractice | ☐ VVT | Victims of Motor Vehicle Theft-Civil Action | |
| ☐ | MHA | Malicious Harassment | ☐ WDE | Wrongful Death | |
| ☐ | MSC2 | Miscellaneous – Civil | ☐ WHC | Writ of Habeas Corpus | |
| ☐ | MST2 | Minor Settlement – Civil  (No Guardianship) | ☐ WMW | Miscellaneous Writs | |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | ☐ WRM | Writ of Mandamus | |
| ☐ | PFA | Property Fairness Act | ☐ WRR | Writ of Restitution | |
| **X** | **PIN** | **Personal Injury** | ☐ WRV | Writ of Review | |
| ☐ | PRA | Public Records Act | ☐ XRP | Extreme Risk Protection Order | |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.

*Please Note: Public information in court files and pleadings may be posted on a public Web site.*

# Vancouver Police Department

| | |
|---|---|
| 605 E. Evergreen<br>Vancouver, WA 98661 | (360) 487-7400<br>(360) 694-9646 (FAX) |

## Incident Report

# Records Center

| | |
|---|---|
| 707 W 13TH Street<br>Vancouver, WA 98660 | (360) 397-2211<br>(360) 397-6074 (FAX) |

**Case No.**
**12-10799**

**Report ID**
**ORIGINAL**

RCN

**DOR**
**07/06/2012**

Officer Assaulted     Non Disclosure

Distribution Other     Confidential

**Distribution**
**CMH+EXT DIST**

| Reporting Officer<br>**Lear, Timothy** | PSN<br>**1233** |
|---|---|
| Approving Officer<br>**Chylack, Michael** | PSN<br>**1185** |

| Ref Case Number | ReportID<br>**ORIGINAL** | Agency<br>**VPD** | Case Number<br>**12-10799** |
|---|---|---|---|

| init | pDis | sDis | dEnt | M.C. | Concl | Case | F/U | Ret | Lett |
|---|---|---|---|---|---|---|---|---|---|

## Administrative Information

| Location<br>**12401 NE 44TH ST** | City<br>**VANCOUVER** | State<br>**WA** | Zip Code<br>**98684** |
|---|---|---|---|

| Local Geo | State Geo | Precinct<br>**V EAST** | Geo<br>**V34** |
|---|---|---|---|

| Rep Date<br>**07/06/2012** | Rep Time<br>**18:45** | From Date<br>**07/06/2012** | From Time<br>**18:45** | To Date | To Time | Category | Class | Premise<br>**RE** |
|---|---|---|---|---|---|---|---|---|

| Dom Viol | DV Card | Child Abuse | Arson | Homicide | Gang | Weapons | Alcohol | Drugs | Computer |
|---|---|---|---|---|---|---|---|---|---|

## Offense Information

| Off #<br>**1** | Offense<br>**MENTAL.TRANSPORT** | Offense Category<br>**INFO** |
|---|---|---|

| Offense Translation<br>**MENTAL SUBJECT/TRANSPORT** | Attempted or Completed<br>**C** | Location Type<br>**1STORY** |
|---|---|---|

## Individual

| Role<br>**X** | Seq<br>**1** | Type<br>**I** | Last Name<br>**LANG** | First Name<br>**HOLLY** | Middle Name<br>**LOUISE** | Sex<br>**F** | Race<br>**W** |
|---|---|---|---|---|---|---|---|

| Birthdate<br>█/1977 | Eth<br>**N** |
|---|---|

| Age Low<br>**34** | Age High | Hgt | Wgt<br>**506** | Hair<br>**BRO** | Eyes<br>**BRO** | Residence<br>**P** | Employment/Occupation<br>**NONE** |
|---|---|---|---|---|---|---|---|

| Driver's License Number<br>█ | Driver's License Issuer<br>**WA** | Social Security No. | State ID No. | FBI No. | PCN |
|---|---|---|---|---|---|

| Custody Status | Gang Affiliation | Tribe Affiliation | Identifiers |
|---|---|---|---|

Comments

| Type<br>**H** | Location<br>**12401 NE 44TH ST** | City<br>**VANCOUVER** | State<br>**WA** | Zip Code<br>**98684** |
|---|---|---|---|---|

Exhibit #____ Pg. # /
3

## Vancouver Police Department

Case No.
**12-10799**

### Individual

| Role | Seq | Type | Last Name | First Name | Middle Name | | Sex | Race |
|---|---|---|---|---|---|---|---|---|
| C | 1 | I | LANG | JOANN | | | F | W |

| Birthdate | Eth |
|---|---|
| ▮▮/1955 | N |

| Age Low | Age High | Hgt | Wgt | Hair | Eyes | Residence | Employment/Occupation |
|---|---|---|---|---|---|---|---|
| 56 | | 505 | 130 | BRO | BRO | F | NONE |

| Driver's License Number | Driver's License Issuer | Social Security No. | State ID No. | FBI No. | PCN |
|---|---|---|---|---|---|
| | | ▮▮▮▮▮ | | | |

| Custody Status | Gang Affiliation | Tribe Affiliation | Identifiers |
|---|---|---|---|
| | | | |

Comments

| Type | Location | City | State | Zip Code |
|---|---|---|---|---|
| H | 12401 NE 44TH ST | VANCOUVER | WA | 98684 |

| Type | Phone No. |
|---|---|
| H | (360) 256-3535 |

### Narrative

**NARRATIVE:**

At the listed date and time I was sent to 12401 NE 44th St concerning a suicidal subject.  Upon arrival I approached the subject, Holly Lang, who was sitting in the driveway with her mother, JoAnn Lang.  Holly was very animated and was screaming very loudly that the demons in her head were going to make her do bad things.  She started hitting herself in the head with her fists and she screamed the demons were going to get her, and she needed to get them out of her.  She stated she would  kill herself to get away.  She was very agitated, and started screaming out unintelligibly.

JoAnn Lang stated Holly had been like this throughout the day today, and was not aware if she had taken her medication today.  She had a prior history of mental health problems, and had been seen numerous times by different mental health providers.  Today she had gotten really out of control and she hadn't been able to calm her down.  She called 911 to get her to the hospital for help.

AMR transported Holly to SWMC where she was placed in Behavioral Health for treatment.  I completed an Officer's Mental Health Contact Report concerning this incident and left it with hospital personnel.

**DISPOSITION:**

No additional action taken at this time.  Report for information only.

---

**I certify or declare under penalty of perjury under the law of the state of Washington, that to the best of my knowledge the attached report(s), documents, and information contained therein are true, correct, and accurate. (RCW 9A.72.085)**

Exhibit #__3__ Pg. # __2__

**Page 2 of 2**

CASE NUMBER
GO 23 2017-3263

# Vancouver Police Department

## GENERAL OFFENSE

| REPORTED DATE/TIME | OCCURRED DATE/TIME | REPORTING OFFICER/DEPUTY NAME & # |
|---|---|---|
| 02/03/2017 0001 | 02/03/2017 0001 | PFISTER, JON (231140) |

| LOCATION OF INCIDENT | PLACE |
|---|---|
| 12401 NE 44TH ST, VANCOUVER | |

| COUNTY | DISTRICT | BEAT | GRID |
|---|---|---|---|
| CLARK | VP | 34 | |

| SEVERITY | FAMILY VIOLENCE | GANG INVOLVEMENT | SPECIAL STUDY |
|---|---|---|---|
| | No | | |

| RELATED INCIDENT NUMBERS |
|---|
| |

| TOTAL LOSS | TOTAL RECOVERED | DAMAGED TOTAL | DRUG TOTAL |
|---|---|---|---|
| | | | |

| INTERNAL STATUS | APPROVED BY | APPROVED ON |
|---|---|---|
| REFERRED - CITY ATTNY OR PROSECUTING ATTNY | PFISTER, JON (231140) | 03/08/2017 |

## OFFENSES [1]

| OFFENSE | STATUTE | PREMISE TYPE |
|---|---|---|
| CHILD ABUSE-NEGLECT | | RESIDENCE/HOME/APARTMENT |

## PERSON - MENTIONED #2

| NAME (LAST, FIRST MIDDLE) | SEX | RACE | DOB | AGE |
|---|---|---|---|---|
| LANG, JOANN NMI | FEMALE | WHITE | '1955 | 61 |

| HOME ADDRESS - STREET, CITY ZIP | HEIGHT | WEIGHT | HAIR COLOR | EYES |
|---|---|---|---|---|
| 12401 NE 44TH ST, VANCOUVER WA 98682 | 5'05 | 130 | GRAY OR PARTIALLY GRAY | BLUE |

| HOME PHONE | CELL PHONE | WORK PHONE | EMAIL ADDRESS |
|---|---|---|---|
| (360) 256-3535 | | | |

| DRIVERS LICENSE (STATE) | SOCIAL SECURITY NUMBER | POB |
|---|---|---|
| (WA) | | |

## PERSON - MENTIONED #1

| NAME (LAST, FIRST MIDDLE) | SEX | RACE | DOB | AGE |
|---|---|---|---|---|
| ███████████ | █ | ████ | ████████ | █ |

| HOME ADDRESS - STREET, CITY ZIP | HEIGHT | WEIGHT | HAIR COLOR | EYES |
|---|---|---|---|---|
| ████████████ | | | | |

| HOME PHONE | CELL PHONE | WORK PHONE | EMAIL ADDRESS |
|---|---|---|---|
| | | | |

| DRIVERS LICENSE (STATE) | SOCIAL SECURITY NUMBER | POB |
|---|---|---|
| | | |

Exhibit #. 23 Pg. # 1

P006693-123119 Johnson 036

CHILD ABUSE-NEGLECT

## Vancouver Police Department

CASE NUMBER
GO 23 2017-3263

### FOLLOWUP REPORT #1

| ASSIGNED TO | RANK |
|---|---|
| GOUDSCHAAL, DUSTIN (231453) | OFFICER |

| ORG UNIT | CAPACITY |
|---|---|
| CHILDREN'S JUSTICE CENTER | 1-INVESTIGATOR, LEAD |

| ASSIGNED ON | ASSIGNED BY | SUBMITTED ON | APPROVED ON | APPROVED BY |
|---|---|---|---|---|
| 03/08/2017 | PFISTER, JON | 06/14/2017 | 06/16/2017 | PFISTER, JON |

### NARRATIVE

| AUTHOR | DATE/TIME |
|---|---|
| GOUDSCHAAL, DUSTIN (231453) | 03/29/2017 0746 |

| SUBJECT |
|---|
|  |

*Narrative:*

On 03/09/17 I received Child Protective Services (CPS) intake #3534736 for review and further investigation. I proceeded to review this intake and the following is a short summary of that intake but it is not verbatim nor may it be in chronological order. The intake is attached to this report for reference. The intake appeared to centered around contact between the following individuals but many persons are listed in the intake.

1.  Lang, Joann -    1955 - ███████████
2.  ████████████ - ███████ - ███ ███

*CPS Intake #3534736 - 02/01/2017*

The referrer for the intake is Holly Lang, an adult ████ of ████. The referrer stated that ████ is kept in a room all day and night and that last week Joann stated "I hate that kid". The referrer indicated that ████ appeared malnourished with sunken eye, pale drooping skin and has lost a lot of weight. The referrer stated that ████ i only allowed to come out of his room infrequently to use the bathroom and is punished and screamed at if he has an accident in his room.

The referrer stated that ████ has been given his food in his room since September of 2016 and that the food differs from the rest of the family is given and is cheaper and lacking in proper nutrition. The referrer also expressed concerns that ████ is being overdosed on several medications to make him sleep and that Joann will take adoptive children to psychiatrists to get additional diagnosis for additional social security monies.

The intake also contains a "collateral referrer" who reported similar maltreatment as described above and stated that ████ has been told lately that he is going to a "respite home" in Alaska where the family has a pit bull to which ████ expressed a fear of pit bulls and Joann stated "to bad isn't it".

The collateral referrer in this case is Randon Lang a nineteen year old adult ████ who lives in the household.

*End of Intake*

By the time that this case was assigned, ████ and his brother had been removed from the residence by CPS and placed into foster care. On the date of case assignment, I also received a substantial amount of medical records from CPS. I made contact with Dr. Kim Copeland with the Child Abuse Assessment Team (CAAT) who informed me that she had obtained the same record and would be reviewing the contents. I took the entire contents of this record and scanned them into a portable document format (PDF). The records as they were provided to me were then placed into property as evidence in this case. Dr. Copeland also informed me that she would provide me with the medical record of her independent examination of ████ which took place on 03/07/17.

I then coordinated with CPS investigator Katie Gonzales to have ████ forensically interviewed. ████ was scheduled to participate in a forensic interview on 03/16/17 at 1030 hours with CJC forensic interviewer Kim Holland.

Exhibit # _3_  Pg. # _2_

CHILD ABUSE-NEGLECT

# Vancouver Police Department

The interview was conducted by Kim Holland as I monitored from an adjacent room. CPS investigator Katie Gonzales was also monitoring from this location. The interview was recorded (audio and video) The following is a short summary of that interview but it is not verbatim and may nor be in chronological order. For a complete record of the event, see the recording that was placed into property as evidence in this case.

*Forensic Interview -* ███████ *- CJC - 03/16/17*

The interview begins at approximately 1050 hours with rapport building and the going over of the rules. ██████ stated that he currently lived with his foster parents and with his real parents and that a few weeks prior some CPS workers and police officers had removed himself and his brother from his residence.

██████ stated that someone was "worried" about him and that he "did not go anywhere". ██████ stated that he stayed in his room a great deal of the time but stated that this was not for punishment but because he chose to do so. ██████ stated that there was a "gate" in front of his door and that this was to keep his younger brother out of the room. ██████ said that he would have to be supervised to use the bathroom and would have to wait for his ██████ to come to his room to allow him to use the bathroom. ██████ indicated that he had to be supervised because "the dog and his brother had gotten hurt".

When asked what a normal day would be, ██████ stated that he would get up and his ██████ would give him his medication ,breakfast and allow him to use the bathroom. ██████ stated that he would do his school-work inside of his room most of the day and that he normally did this alone on his computer. ██████ stated that he would have breakfast sandwiches, toast, cereal and other items and that he would eat this in his room. ██████ stated that "sometimes" he felt hungry after eating breakfast. ██████ stated that he would eat lunch (burritos, cheese sandwiches, left-overs) in his room and would have dinner at the table.

██████ stated that sometimes his ██████ would forget that he needed to use the bathroom and he had previously had "accidents" in his bedroom because of this.

*Interview Break - 1124 hours*

The interview begins again at 1137 hours. ██████ stated that he would "sometimes" get snacks at his parent's house. ██████ then described his room which included his bed, desk and computer. ██████ stated that the gate had been up in his room since he was about nine years of age and that the supervision rules came up about a year and half ago. ██████ stated the prior to this he was allowed to use the bathroom without asking for permission. ██████ stated that he would also have to ask permission to re-enter the residence when he was outside and one time he did not do this and got "spanked".

██████ stated that his chores at the residence consisted of taking out the recycling, cleaning the bathroom and folding towels and indicated that he did not have much contact with his ██████ ██████ indicated that he was not allowed to leave his room without permission. ██████ stated that this was because he had pinched his brother's fingers in the door and stepped on the dog. ██████ stated that he did not try to leave his room but did not state why he did not.

██████ stated that he would not inform him ██████ or ██████ that he was still hungry after meals. ██████ then spoke about punishment at the residence which included being "grounded" which meant he could not go to the "library for a month". ██████ indicated that his ██████ would do most of the discipline but that his ██████ had spanked him a few times. ██████ stated that his ██████ would spank him with a plastic spoon on his exposed buttocks. ██████ stated that sometimes he had been struck about the head with the spoon as well.

██████ stated that he would sometimes go outside and play with a neighbor friend.

██████ then talked about his daily routine with his current foster parents. ██████ stated that he had gained "twenty pounds" since being with his foster parents and felt "pretty good" and feels like he "eats too much". ██████ stated that he usually "felt good too" at his adoptive parents house. ██████ stated that he felt "more tired" at his foster parents because of his new schedule. ██████ stated that he was able to use the bathroom whenever he needed and would "just go".

*End of Interview*

On 03/17/17 I received a medical record from Dr. Kim Copeland in regards to her examination of ██████ that took place on 03/07/17. This medical record was also placed into property as evidence in this case. The following is an excerpt from the portion of the report entitled "Medical Findings and Diagnoses". For the complete report see the record that was placed into Digital Traq as evidence in this case.

*Medical Findings and Diagnoses*

Exhibit # __1__ Pg. # __3__

████████████████████████



P006693-123119 Johnson 038

CHILD ABUSE-NEGLECT

# Vancouver Police Department

CASE NUMBER
**GO 23 2017-3263**

███████ ."

After reviewing the medical records I proceeded, over the course of several weeks, to make contact with several of the persons listed in the CPS intake for interviews. I spoke with Holly Lang, the original referrer of the CPS intake, over the phone and she informed me that she was not comfortable with cooperating with a law enforcement investigation. I asked Katie Gonzales to speak with Holly Lang and inform her of the importance of the investigation and Katie informed me that she had spoken with Holly and that Holly again stated that she did not wish to cooperate with a law enforcement investigation. Katie provided me with contact information for other Lang family members and I determined that two of the members, Randon Lang and Wendy Lang (Rahn) may have had recent contact with ███████ and could offer information in regards to this case. I attempted contact with both parties and found that the number for Randon was no longer in service and Wendy Lang did not return my phone calls (Wendy currently resides in Montana per CPS information).

I also received numerous emails from Katie Gonzales that appeared to be from other collateral parties who knew or may have contact with ███████ I determined that these contacts, while potentially important for background information to a CPS case, were not of any evidentiary value to this case.

Two weeks after I had left a voice-mail for Wendy Lang, I received a voice message from her stating that she had received my message and had been having issues with her phone. In the message, Wendy indicated that she wished to speak with me in regards to this case. On 05/23/17 I left another message with Wendy on the number I had previously contacted. I then received after hour messages from Wendy and attempted to contact her with negative results. I was able to determine that Wendy currently lives in Montana and I was not able to establish that she even lived at the residence during the time frame of the concerns with ███████

While it appeared that there was an initial concern by several family members about the status of ███████, I have not been able to elicit any cooperation from those who were active in contacting and communicating with CPS.

On 06/13/17 I proceeded to the residence of Joann Lang and knocked on the front door. The door was answered by an adult female who identified herself as Joann. Joann would only speak with me through her locked screen door and advised that she would only speak with me with legal counsel present. I left my business card at the location and did not present Joann with any investigative questions.

While I am not a qualified medical expert, the medical records provided established that ███████ had been seen numerous times by a medical professional and was given several diagnosis for medical conditions and was in treatment for these conditions. See the submitted medical records for further information.

This ended my involvement in this case. Any further involvement in this case by this officer will be documented in a supplemental report. See the submitted medical records and other evidence for further information. This case is being referred to the CJC prosecutor for review and/or charging.

Exhibit # _2_ Pg. # _4_