UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANNA LANG, individually and as personal representative of the Estate of Dick Lang, a marital community, and as guardian and parent of the minor children R.L. and C.L.,<br><br>       Plaintiff,<br> v.<br><br>CHERYL STRANGE, individually and as Secretary of the Washington State Department of Social and Health Services (DSHS), *et al.*,<br><br>       Defendants. | CASE NO. 3:21-cv-05286-RJB<br><br>ORDER GRANTING DEFENDANTS CITY OF VANCOUVER, DUSTIN GOUDSCHAAL, AND JOHN PFISTER'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (DKT. 26) |

This matter comes before the Court on Defendants City of Vancouver, Dustin Goudschaal, and John Pfister's ("City Defendants") Motion to Dismiss for Failure to State a Claim and Motion for Summary Judgment. Dkt. 26. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. Though City Defendants filed the pending motions as two motions, a motion to dismiss and a motion for summary

judgment, the Court will construe them as only a motion for summary judgment based on the pleadings and the issues presented.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

Relevant allegations from the first amended complaint (Dkt. 14) are as follows. Dick and Joanna Lang, "who are white and Jewish," adopted C.L. and R.L. in 2011 and 2013 respectively. Dkt. 14 at 10. The complaint states, "[f]or over 30 years, Dick and Joanna Lang opened their hearts and home to adopt minority special needs children because that was their calling." *Id.* C.L., who was born in 2011, has Fragile X syndrome. *Id.* R.L., who was born in 2003, has an intellectual disability. *Id.*

On January 4, and February 1, 2017, the Washington State Department of Social and Health Services ("DSHS") received allegations that the Langs abused R.L. *Id.* The allegations included claims that the Langs malnourished R.L. and that they kept him locked in his room. Dkt2. 28 at 12 and 34-10 at 3. According to Plaintiff, these allegations came from a mentally ill family member. Dkt. 14 at 10. Notes from the Dependency Petition state that these allegations were corroborated by "collateral" contacts. Dkt. 7-2 at 32–33.

On February 2, 2017, Kayena Gonzalez, a CPS investigator, and officers from the Vancouver Police Department came to the Lang home. The CPS investigator "handed Ms. Lang a note demanding that Ms. Lang take R.L. and C.L. to Legacy Salmon Creek ER for a full checkup." *Id.* at 12. Though the complaint states, "Ms. Lang complied," the complaint and subsequent pleadings clarify that she did not take R.L. to Legacy Salmon Creek ER, but instead took him to see his regular pediatrician, Dr. Charles Fuchs. *Id.*; Dkt. 34 at 2–3. Dr. Fuchs assessed R.L. that same day and found that a change in his medication may have caused his

ORDER GRANTING DEFENDANTS CITY OF VANCOUVER, DUSTIN GOUDSCHAAL, AND JOHN PFISTER'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (DKT. 26) - 2

1 weight loss, but that he appeared to be gaining weight and improving.  Dkt. 34-7.  A subsequent
2 note from Dr. Fuchs says that at the time of that visit, he "did not have concerns about the safety
3 or well-being of [R.L.] being able to leave the office with his mother[.]"  Dkt. 34-7 at 7.  The
4 only factual allegation referencing a Vancouver Police Officer from this day is that an officer
5 who accompanied the CPS investigators to the Langs' home, "refused to take the children into
6 custody[.]"  Dkt. 14 at 13.

7       On February 3, 2017, DSHS filed a dependency petition asking for a court order to take
8 R.L. and C.L. into protective custody.  *Id.*  In response to the petition, Clark County Superior
9 Court Commissioner Carin Schienberg issued a shelter care order.  That evening, CPS
10 investigators and four officers with the Vancouver Police Department ("VPD") took R.L. and
11 C.L. into protective custody.  *Id.* at 14.  According to Plaintiff, the VPD officers "demanded
12 entry into the Langs' home," took photographs of the interior without the Langs' permission,
13 then seized R.L. and C.L.  Dkt. 34 at 3.

14       R.L. and C.L. were taken to Legacy Salmon Creek Medical Center for a child abuse
15 specific evaluation by Dr. Tam Voung.  Dkt. 15.  Dr. Voung concluded that although R.L. was
16 underweight and his urine analysis was positive for ketones, R.L. appeared to be stable and "safe
17 to go home and follow up with a pediatrician" for "continued symptom management."  Dkt. 7-2
18 at 21–22.  R.L. and C.L. were not returned to the Langs' home but were instead placed in
19 separate foster homes.  Dkt. 14 at 15–16.

20       On March 7, 2017, R.L. received another medical assessment, in which the doctor
21 performing the evaluation noted that he had gained 24 pounds in the month since being removed
22 from the Langs' care, and concluded that there were signs of negligent care and maltreatment.
23 *Id.*

24

On March 8, 2017, Defendant Officer Jon Pfister assigned an investigation intake referral, based on the allegation that R.L. had been abused, to Defendant Detective Dustin Goudschaal.  There is no evidence that Officer Pfister had any involvement in this matter after March 8, other than approving Detective Goudschaal's reports and attending one meeting.  *See* Dkts. 26 and 34.  Detective Goudschaal's involvement included (1) attending an interview of R.L. on March 16, 2017; (2) attempting to interview family members, all of whom declined; and (3) placing documents into evidence.  *Id.*

On March 21, 2018, the State's Dependency Petition was denied, and, on April 4, 2018, R.L. and C.L. were returned to the Lang home.  Dkt. 14 at 20.  On June 30, 2019, Mr. Lang passed away.

**B. PENDING MOTION**

Joanna Lang brings her complaint in multiple capacities: in her individual capacity, as personal representative of the estate of Dick Lang, and as guardian and parent of the minor children R.L. and C.L.  Dkt. 14.  Her complaint alleges seven causes of action: (1) violation of federal and state due process pursuant to 42 U.S.C. § 1983; (2) negligent investigation pursuant to RCW 26.44.050; (3) fraud; (4) defamation; (5) wrongful death; (6) discrimination under Title VI and RCW 49.60.030; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961–1968.

Plaintiff does not allege either fraud or defamation against the City Defendants in the complaint, nor does she raise arguments on those claims in response to the pending motion for summary judgment.

In the pending motion, City Defendants move to dismiss for failure to state a claim and for summary judgment on all claims.  City Defendants argue that Ms. Lang's claims brought in

her personal capacity and as Personal Representative of the Estate of Dick Lang (collectively "Adult Plaintiffs") are barred by the statute of limitations, and that Ms. Lang's claims brought in her capacity as guardian and parent of R.L. and C.L. should be dismissed because there is no genuine issue of material fact. Dkt. 26. Plaintiff opposes City Defendants' motion. Dkt. 34. For the following reasons, City Defendants' motion should be granted.

### C. ORGANIZATION OF OPINION

This order will first discuss the summary judgment standard, then the claims brought by Adult Plaintiffs, and finally the claims brought by Ms. Lang on behalf of R.L. and C.L. The claims brought by R.L. and C.L. must be analyzed separately because claims by minor children carry a different statute of limitations. Wash. Rev. Code 4.16.190(1). However, the grounds for dismissal of the claims brought by Ms. Lang in her capacity as parent and guardian of R.L. and C.L. serve as alternative grounds requiring dismissal of the claims brought by Adult Plaintiffs.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Serv. Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Serv. Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888-89 (1990).

**B. ADULT PLAINTIFF'S CLAIMS UNDER § 1983, DISCRIMINATION, NEGLIGENT INVESTIGATION, AND RICO**

Ms. Lang's claims brought in her personal capacity and in her capacity as Personal Representative of the Estate of Dick Lang are barred by the statute of limitations.

"Although [state] law determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "Under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)). The same accrual rule applies under Washington law. *See Clare v. Saberhagen Holdings, Inc.*, 129 Wn. App. 599, 602 (2005).

Accordingly, under Washington law, the statute of limitations for a § 1983 claim is three years. *See* Wash. Rev. Code 4.16.080(2). As is the statute of limitations for discrimination under 42 U.S.C. § 2000d, *Taylor v. Reg. of Univ. Cal.*, 993 F.2d 710, 712 (9th Cir. 1993), discrimination under RCW 49.60, *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991), and negligent investigation, *Petcu v. State*, 121 Wn. App. 36, 68 (2004). RICO claims under 18 U.S.C. §§ 1961–1968 have a four-year statute of limitations. *Agency Holding Corp. v. malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987). They all accrue at the time when injury was discovered. *See Lukovsky*, 535 F.3d at 1048; *Clare*, 129 Wn. App. at 602.

Ms. Lang incorrectly argues that the claims accrued at the time the State's dependency petitions seeking to remove R.L. and C.L. from her custody were denied. Dkt. 34 at 8. Instead, undisputed facts demonstrate that Adult Plaintiffs knew of the injury (R.L. and C.L.'s removal) and City Defendants' involvement when R.L. and C.L. were taken from their home on February 3, 2017 by DSHS accompanied by VPD officers. Ms. Lang filed this lawsuit on March 12, 2021, well beyond the three-year statute of limitations period for the § 1983 claims and the claims of discrimination, and beyond the four-year statute of limitations for a RICO claim. Dkt. 1 at 2.

Therefore, Adult Plaintiffs' claims under § 1983 and of discrimination, negligent investigation, and RICO violations are barred by the statute of limitations and should be dismissed. The only other claim brough by an Adult Plaintiff, wrongful death, is discussed below.

**C. WRONGFUL DEATH**

Ms. Lang's claim of wrongful death, which she brings in her capacity as the personal representative of the estate of Dick Lang, should be dismissed because, as discussed in the subsequent sections, Plaintiff does not establish a viable underlying claim based on a wrongful

act by the Defendants.  Without a "wrongful" act, [t]he defendants breached no duty to the decedent." *Estate of Lee ex rel. Lee v. City of Spokane*, 101 Wn. App. 158, 174 (2000). Furthermore, the conclusory allegation that "the stress of the ordeal" caused Mr. Lang's death is not supported here by factual allegations.  *See Bruns v. Paccar, Inc.*, 77 Wn. App. 201, 214 (1995).

Therefore, Ms. Lang's claim of wrongful death should be dismissed.

### D. CLAIMS BROUGHT BY LANG AS GUARDIAN AND PARENT OF R.L. AND C.L.

As stated in the "Pending Motions" section, the following grounds for dismissal are alternative grounds requiring dismissal of Adult Plaintiffs' claims.

**1. 42 U.S.C. § 1983**

Plaintiff bases the § 1983 claim on alleged due process violations.

The Fourteenth Amendment "guarantee[s] that parents and children will not be separated by the state without due process of law except in an emergency." *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (en banc).  Due process requires a court order to remove a child and the emergency exception requires "evidence that the child was in imminent danger of serious bodily injury." *Demaree v. Pederson*, 887 F.3d 870, 883 (9th Cir. 2018).

Plaintiff concedes that there was a court order authorizing the removal of R.L. and C.L. from the Lang home.  Dkt. 34; Dkt. 7-2 at 36.  She argues that nonetheless there was a due process violation because there was no emergency. *Id.* at 11.  Whether there was an emergency, however, is irrelevant where, as here, a court authorized the state to separate children from their parents.  *See Kirkpatrick*, 843 F.3d at 789.

Plaintiff also argues that the City of Vancouver is liable under § 1983 for failure to train its employees in proper investigative techniques and legal procedures.  Dkt. 34 at 11.  This

argument fails because the City cannot be liable under § 1983 without an underlying constitutional violation.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Therefore, there is no genuine issue of material fact, and the claims brought pursuant to 42 U.S.C. § 1983 by Ms. Lang in her capacity as guardian of R.L. and C.L. should be dismissed.

### 2. NEGLIGENT INVESTIGATION

RCW 26.44.050 creates a statutory cause of action against law enforcement and the Department of Social and Health Services for failure to investigate allegations into abuse or neglect.  This statute establishes a "duty to use reasonable care in investigating allegations of child abuse[.]" *Chen v. D'Amico*, 428 F.Supp.3d 483, 512 (W.D. Wash. 2019) (quoting *Tyner v. Dep't of Soc. & Health Servs.*, 141 Wn.2d 68 (2000)).  In addition to this duty, a plaintiff must be able to demonstrate breach of that duty, causation, and injury to support the claim.  *Cox v. Dept. of Soc. & Health Servs.*, 913 F.3d 831, 839 (9th Cir. 2019).

Plaintiff does not provide any evidence that City Defendants participated in an investigation that led to the removal of R.L. and C.L. from the Langs' home, nor does she provide evidence that VPD breached its duty to investigate or caused R.L. and C.L. to be taken out of the Langs' custody.  Plaintiff emphasizes that the allegations of child abuse came from a family member "known to have a history of mental issues."  Dkt. 34 at 13.  But allegations of child abuse must be taken seriously, and it is undisputed that these allegations were noted as being corroborated by collateral contacts and by a doctor who performed a child abuse assessment.  This record does not present a genuine issue of material fact as to breach of a duty or causation.

Therefore, summary judgment in favor of Defendants should be granted on the negligent investigation claim.

### 3. RICO

A civil RICO claim is subject to a heightened pleading standard. Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). This requires a plaintiff to state allegations with particularity, specifically "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id*.

In addition to the heighted pleading standard, "[t]he elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Building & Const. Trades Dept.*, 770 F.3d 834, 837 (9th Cir. 2014). An enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 453 U.S. 576, 583 (1981).

Plaintiff meets neither the heightened pleadings standard required by Rule 9(b), nor does she create a genuine issue of material fact as to the elements of RICO. They allege that the doctor who assessed R.L. and found grounds to believe there was maltreatment issued a false report, and that the willingness of City Defendants to adhere to that report raises an inference of a conspiracy to commit racketeering. Plaintiff does not, however, present any specific evidence of a common purpose to support the elements of enterprise or course of conduct to establish a RICO claim.

Therefore, City Defendants are entitled to summary judgment on the RICO claim.

### 4. DISCRIMINATION

In the Complaint, Plaintiff alleges discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and Washington's Law Against Discrimination, RCW 49.60. Dkt.

4. In Plaintiff's response to the pending motion for summary judgment, Plaintiff argues that she was discriminated against in violation of the Equal Protection Clause. Dkt. 34 at 18–20.

Under any of these causes of action, Plaintiff's claims of discrimination should be dismissed because the only factual allegation offered in support is that Dick and Joanna Lang are Jewish and R.L. and C.L. are racial minorities. Dkt. 24 at 19. These facts and the conclusory allegation of discrimination alone are insufficient to create a genuine issue of material fact as to discrimination.

For these reasons, Plaintiff's claim of discrimination should be dismissed.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants City of Vancouver, Dustin Goudschaal, and Jon Pfister's Motion to Dismiss for Failure to State a Claim and Motion for Summary Judgment (Dkt. 26) **IS GRANTED**; and

- Defendants City of Vancouver, Dustin Goudschaal, and Jon Pfister **ARE DISMISSED** from this matter.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of August, 2021.

ROBERT J. BRYAN
United States District Judge