UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANNA LANG,<br><br>                Plaintiff,<br><br>CHERYL STRANGE, et al.,<br><br>                Defendants. | CASE NO. C21-5286RJB<br><br>ORDER REGARDING MOTION TO DISMISS |

This matter comes before the Court on Defendant Clark County's Motion to Dismiss (Dkt. 72) and the Court's Order dated January 11, 2022 (Dkt. 73). The Court has considered the pleadings filed regarding the motion and the remainder of the record herein.

On December 8, 2021, Defendant Clark County filed a Motion to Dismiss (Dkt. 72). On January 11, 2022, after the Court was informed that the law license for Plaintiff's counsel, Kevin L. Johnson, had been suspended by the Washington State Bar Association, the Court entered an Order directing Mr. Johnson to "update the record to provide contact information either for Plaintiff, if appearing pro se, or current counsel, and provide Plaintiff with a copy of Defendant Clark County's Motion to Dismiss." Dkt. 73 at page 2.

On January 18, 2022, Mr. Johnson informed the Court that Plaintiff Lang had received notice of Clark County's Motion to Dismiss, that it was his understanding that Ms. Lang was not represented by counsel and provided Plaintiff's address and phone number.

Considering Plaintiff's new *pro se* status, she should be issued a warning regarding Defendant's Motion to Dismiss.

**Warning to Pro Se Plaintiff Regarding Motion to Dismiss.** Plaintiff is reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington ("Local Rules"). Plaintiff is further reminded that although pro se pleadings are held to a "less stringent standard than formal pleadings drafted by lawyers," they still must meet the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Pursuant to Fed. R. Civ. P. 12 (b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Plaintiff is notified that a complaint must be dismissed under Fed. R. Civ. P. 12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Plaintiff is notified that Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

1  Plaintiff is notified that if the motion to dismiss is granted, Plaintiff's claims may be

2 dismissed and the case closed.  Considering the circumstances around Plaintiff's prior

3 representation, the Motion to Dismiss (Dkt. 72) should be renoted to **Friday, February 11,**

4 **2022**.  Plaintiff's response to the motion to dismiss, if any, is due on **February 7, 2022,** in

5 accordance with Local Rule W.D. Wash. 7 (d)(3).  Replies, if any, are due in accordance with the

6 Local Rules.  A copy of Clark County's Motion to Dismiss, filed originally as Docket Number

7 72, is attached to this Order for ease of reference .

8  **IT IS SO ORDERED**.

9  The Clerk is directed to send copies of this Order to all counsel of record and to any party

10 appearing *pro se* at said party's last known address.

11  Dated this 19th day of January, 2022.

          ROBERT J. BRYAN
          United States District Judge

ORDER REGARDING MOTION TO DISMISS- 4