UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANNA LANG, individually and as personal representative of the Estate of Dick Lang, and as Guardian and Parent of the Minor Children R.L. and C.L<br><br>                Plaintiff,<br>  v.<br><br>CHERYL STRANGE, individually and as Secretary of the Washington State Department of Social and Human Services (DSHS), *et al.*,<br><br>                Defendants. | CASE NO. 3:21-cv-05286<br><br>ORDER GRANTING CLARK COUNTY'S MOTION TO DISMISS |

      This matter comes before the Court on Defendant Clark County's Motion to Dismiss (Dkt. 72). The Court has considered the motion, to which Plaintiff has not responded, and the remaining file. For the reasons set forth in this order, Clark County's Motion to Dismiss should be granted, and Clark County should be dismissed as a defendant in this matter.

ORDER GRANTING CLARK COUNTY'S MOTION TO DISMISS - 1

# I. FACTS AND PROCEDURAL HISTORY

## A. FACTS

Plaintiff brings this lawsuit against at least thirty defendants alleging violations of law related to the temporary removal of two of Plaintiff's adopted children from her custody after allegations of child abuse. A full recitation of the facts can be found in the Court's previous orders granting motions to dismiss brought by other defendants (Dkts. 40 and 41), and Plaintiff's amended complaint (Dkt. 14). The only allegation against Defendant Clark County in Plaintiff's amended complaint is that "Defendants were in their collective capacity and as individuals, acted with authority granted to them by DSHS, Clark County, City of Vancouver, Cowlitz County, City of Kelso, Legacy Salmon Creek Hospital, and CASA." Dkt. 14 at 9. Plaintiff does not identify which defendants allegedly acted under authority granted to them by Clark County. *See* Dkt. 14.

## B. PROCEDURAL HISTORY

This matter was removed from Clark County Superior Court on April 21, 2021. Plaintiff names Clark County as a defendant in the amended complaint (Dkt. 14), but according to Clark County it was never properly served. Dkt. 72. Plaintiff previously filed a motion to join Clark County as a necessary party (Dkt. 68) but withdrew that motion (*see* Dkt. 71).

The Court previously granted motions to dismiss or for summary judgment filed by other defendants in this matter (Dkts. 40 and 41). Clark County filed the pending motion to dismiss on December 8, 2021, and it was originally noted for consideration on January 7, 2021. The Court learned by phone call that Plaintiff's counsel, Kevin L. Johnson, had his license to practice law suspended by the Washington State Bar Association. Plaintiff did not respond to the motion to dismiss by the noting date, and Mr. Johnson was still listed as the designated recipient for filings

on CM/ECF. On January 19, 2021, the Court issued orders to update the contact information in CM/ECF to reflect Plaintiff's *pro se* status (Dkt. 74) and renote the motion to dismiss to ensure Plaintiff had adequate notice and opportunity to respond (Dkt. 75). The pending motion is now ripe for consideration, though Plaintiff has still not filed a response.

## II. DISCUSSION

Clark County moves to dismiss on the grounds that Plaintiff failed to properly execute service, failed to properly file a tort claim, failed to state a damage claim against Clark County, failed to allege cognizable causes of action under 42 U.S.C. § 1983, failed to state a valid RICO claim, and because Plaintiff's claims are barred by the statute of limitations. Dkt. 72.

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**B. FAILURE TO FILE A RESPONSE IN OPPOSITION**

Pursuant to Local Civil Rule 7(b)(2), "except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

**C. ANALYSIS**

Plaintiff does not plausibly establish entitlement to relief, and the Court construes her failure to respond as an admission that Clark County's motion has merit. LCR 7(b)(2). Plaintiff does not appear to have properly filed a damage claim with Clark County before filing the instant lawsuit, which is "a condition precedent to the commencement of any action claiming damages" against a local governmental entity. RCW 4.96.010(1). Furthermore, Plaintiff is now appearing *pro se*. The claims she brings in her personal capacity are barred by the relevant statutes of limitations. *See* Dkts. 40 and 41. Therefore, dismissal of her claims should be with prejudice.

Dismissal of all other claims is also appropriate because a plaintiff appearing *pro se* may not bring claims on behalf of another person. *See Johns v. Cnty of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Furthermore, Plaintiff has not met burden of establishing that Clark County was properly served the summons with the complaint. *See Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984). Finally, the amended complaint does not plausibly state a claim for relief against Clark County. The single allegation that "Defendants were in their collective capacity and as individuals, acted with authority granted to them by DSHS, Clark County, City of Vancouver, Cowlitz County, City of Kelso, Legacy Salmon Creek Hospital, and CASA" (Dkt. 14 at 9) does not provide sufficient factual detail to meet the pleading standard required by Federal Rule of Civil Procedure 12(b)(6).

Therefore, Clark County's motion to dismiss should be granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Clark County's Motion to Dismiss **IS GRANTED**;
- Clark County **IS DISMISSED** from this matter.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of February, 2022.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge